STATE OF NORTH CAROLINA v. HOWARD ELAM

No. 86

(Filed 27 January 1981)

**1. Criminal Law § 146.4— review of constitutional questions not raised below — unconstitutionality of statute**

The General Assembly was without authority to enact the statute permitting appellate review of a contention that defendant was convicted under a statute that violates the U. S. Constitution or the N. C. Constitution even though no objection, exception or motion on such ground was made in the trial division, G.S. 15A-1446 (d)(6), since the statute violates the provisions of Article IV, § 13 (2) of the N. C. Constitution giving the Supreme Court the exclusive authority to make rules of practice and procedure for the appellate division.

**2. Criminal Law § 146.4— constitutional questions not raised below — consideration under supervisory powers**

While the Supreme Court will generally refrain from deciding constitutional questions which are not raised or passed upon in the trial court or properly presented in the Court of Appeals, the Court may pass upon constitutional questions not properly raised below in the exercise of its supervisory jurisdiction. Rule 2 of the Rules of Appellate Procedure.

**3. Crime Against Nature § 1— taking indecent liberties with children — statute not unconstitutionally vague**

The statute prohibiting the taking of indecent liberties with children, G.S. 14-202.1, is not unconstitutionally void for vagueness since the statute clearly prohibits sexual conduct with a minor child and describes with reasonable specificity the proscribed conduct.

**4. Crime Against Nature § 1— taking indecent liberties with children — equal protection**

The statute prohibiting the taking of indecent liberties with children, G.S. 14-202.1, does not violate equal protection because it requires a five-year difference between the age of the defendant, who cannot himself be under 16, and the age of the victim, who must be under age 16, since the age classifications within the statute are reasonably related to the purpose of the statute, *i.e.*, the protection of children from the sexual advances of adults.

**5. Crime Against Nature § 1— taking indecent liberties with children — standing to attack statute on First Amendment grounds**

Defendant had no standing to attack the statute prohibiting the taking of

indecent liberties with children, G.S. 14-202.1, on the ground that it is unconstitutionally overbroad in that it proscribes innocent displays of affection in violation of the First Amendment since the statute has never been so interpreted and was not so applied against defendant, and defendant had no First Amendment right to express himself through unlawful actions.

**6. Crime Against Nature § 1— crime against nature with child — trial under indecent liberties statute**

There was no merit to defendant's contention that the trial court lacked jurisdiction to try him under the indecent liberties with children statute, G.S. 14-202.1, because the criminal act he committed was a crime against nature prohibited by G.S. 14-177, since the crime against nature statute and the indecent liberties with children statute are complementary but not mutually exclusive.

Justice MEYER took no part in the consideration or decision of this case.

DEFENDANT appeals from an unpublished decision of the Court of Appeals, 44 N.C. App. 731, 264 S.E.2d 411 (1980), upholding judgment of *Graham, S.J.*, entered at the 24 January 1979 Criminal Session of BRUNSWICK Superior Court.

Defendant was tried on indictments charging him with two counts of taking indecent liberties with children in violation of G.S. 14-202.1.

The evidence for the State tended to show the following. Defendant is a married, thirty-four year old pastor of two Methodist churches in Brunswick County. On 15 September 1978, he took a group of young boys on a camping trip to Boiling Springs Lake in an effort to get a church club organized for the coming year. Defendant shared a three-man tent with Dale Leonard Hubble, age fourteen, and Lester Charles Self, age twelve. Each boy testified that he awoke during the night and found defendant performing an act of fellatio on him and observed defendant perform the same act on the other boy in the tent. The boys neither cried out nor resisted. They did not tell the other boys what happened nor did they discuss it with each other. The boys did inform their parents the next day of what had taken place. The parents confronted defendant with the statements of their children. Dale Hubble's parents and Lester Self's parents, sister and brother-in-law testified defendant confessed to these acts on two separate occasions.

Defendant denied molesting the boys and denied confessing to the families when confronted with the accusations. He elected to sleep in the same tent with the two boys because he had been told they had lice and he did not want others exposed to the lice. Defend-

ant is a family man and minister. He has been very active with youth groups. He presented a number of witnesses from the community, and from communities he had previously served as pastor, who testified to his good reputation and character.

Defendant was found guilty as charged in each case. The cases were consolidated for judgment and defendant was sentenced to five years in prison.

Defendant appealed to the Court of Appeals alleging the unconstitutionality of G.S. 14-202.1 under which he was convicted and assigning as error the charge to the jury. The Court of Appeals found no error and this Court allowed defendant's petition for discretionary review.

*Rufus L. Edmisten, Attorney General, by T. Buie Costen, Special Deputy Attorney General, for the State.*

*Singleton, Murray, Harlow & Little by James D. Little, attorneys for defendant appellant.*

HUSKINS, Justice.

Defendant, for the first time in the Court of Appeals, argued that G.S. 14-202.1 is unconstitutional. The constitutionality of the statute was not raised in the trial court, and the Court of Appeals therefore declined to discuss the merits of the constitutional arguments, citing *State v. Cumber*, 280 N.C. 127, 185 S.E.2d 141 (1971), and *Bland v. City of Wilmington*, 278 N.C. 657, 180 S.E.2d 813 (1971). In both those cases, this Court refused to decide constitutional questions which had not been raised or considered in the court below. This is a well established rule. *State v. Hudson*, 281 N.C. 100, 187 S.E.2d 756 (1972), *cert. den.*, 414 U.S. 1160, 39 L.Ed.2d 112, 94 S.Ct. 920 (1974); *Wilcox v. Highway Commission*, 279 N.C. 185, 181 S.E.2d 435 (1971); *State v. Mitchell*, 276 N.C. 404, 172 S.E.2d 527 (1970); *State v. Parrish*, 275 N.C. 69, 165 S.E.2d 230 (1969); *State v. Colson*, 274 N.C. 295, 163 S.E.2d 376 (1968), *cert. den.*, 393 U.S. 1087, 21 L.Ed.2d 780, 89 S.Ct. 876 (1969); *State v. Dorsett*, 272 N.C. 227, 158 S.E.2d 15 (1967); *State v. Grundler*, 251 N.C. 177, 111 S.E.2d 1 (1959), *cert. den.*, 362 U.S. 917, 4 L.Ed.2d 738, 80 S.Ct. 670 (1960). The rule is in accord with decisions of the United States Supreme Court. *See, e.g., Estelle v. Williams*, 425 U.S. 501, 48 L.Ed.2d 126, 96 S.Ct. 1691 (1976); *Irvine v. California*, 347 U.S. 128, 98 L.Ed. 561, 74 S.Ct. 381 (1954); *Edelman v. Califor-*

*nia,* 344 U.S. 357, 97 L.Ed. 387, 73 S.Ct. 293 (1953). This requirement is expressly provided for in Rule 14 (b) (2) of the Rules of Appellate Procedure:

> In an appeal which is asserted by the appellant to involve a substantial constitutional question, the notice of appeal shall contain the elements specified in Rule 14 (b) (1) and in addition shall specify the articles and sections of the Constitution asserted to be involved; shall state with particularity how appellant's rights thereunder have been violated; and shall affirmatively state that the constitutional issue was timely raised (in the trial tribunal if it could have been, in the Court of Appeals if not) and either not determined or determined erroneously.

The Court of Appeals acted properly in overruling the assignment of error.

**[1,2]** Defendant contends it was error for the Court of Appeals to overrule his constitutional attack, citing and relying on G.S. 15A-1446 (d) (6) which provides:

> Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.
>
>> (6) The defendant was convicted under a statute that is in violation of the Constitution of the United States or the Constitution of North Carolina.

Subsection (6) of G.S. 15A-1446 (d) is in direct conflict with Rules 10 and 14 (b) (2) of the Rules of Appellate Procedure and our case law on the point. The Constitution of North Carolina provides that "[t]he Supreme Court shall have exclusive authority to make rules of practice and procedure for the Appellate Division." N.C. Const. Art. IV § 13 (2). The General Assembly was without authority to enact G.S. 15A-1446 (d) (6). It violates our Constitution. Our Rule 14 (b) (2) and our case law are authoritative on this point. The Court of Appeals did not err. This Court will refrain from deciding constitutional questions which are not raised or passed upon in the

trial court or properly presented in the Court of Appeals.

This Court may, however, pass upon constitutional questions not properly raised below in the exercise of its supervisory jurisdiction. Rule 2 of the Rules of Appellate Procedure; *Rice v. Rigsby*, 259 N.C. 506, 131 S.E.2d 469 (1963). Within our discretion, and in the exercise of our supervisory powers, we have decided to address the merits of defendant's constitutional claims.

Defendant contends G.S. 14-202.1 is unconstitutional in that (a) it is a denial of due process because of vagueness, (b) it is a denial of equal protection because of age classification in the statute and (c) it is an overbroad restriction on protected activity. These arguments are without merit.

Defendant was charged with taking indecent liberties with children in violation of G.S. 14-202.1 which reads:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
>> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>>
>> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
>
> (b) Taking indecent liberties with children is a felony punishable by a fine, imprisonment for not more than 10 years, or both.

[3] Defendant's contention that the statute is unconstitutionally vague is without merit. This issue was correctly decided by the Court of Appeals in *State v. Vehaun*, 34 N.C. App. 700, 239 S.E.2d 705 (1977), *cert. den.*, 294 N.C. 445, 241 S.E.2d 846 (1978), in an opinion by Judge (now Justice) Britt. The test applied was whether the statute gives a "person of ordinary intelligence a reasonable

opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 33 L.Ed.2d 222, 227, 92 S.Ct. 2294, 2298-99 (1972); *see also State v. Lowry,* 263 N.C. 536, 139 S.E.2d 870, *appeal dismissed,* 382 U.S. 22, 15 L.Ed.2d 16, 86 S.Ct. 227 (1965). The language of G.S. 14-202.1 provides a defendant with sufficient notice of what is criminal conduct. The statute clearly prohibits sexual conduct with a minor child and describes with reasonable specificity the proscribed conduct. Any person of ordinary understanding upon reading the statute would know the statute would be violated if a thirty-four year old man fondled two boys, aged twelve and fourteen, and placed his mouth on the penises of the boys. As the Court of Appeals noted in *Vehaun,* similar language in a District of Columbia Statute, D.C. Code § 22-3501, has withstood this same constitutional attack. *Moore v. United States,* 306 A.2d 278 (D.C. 1973).

**[4]** Defendant contends the statute denies him equal protection under the laws because it has two age requirements. The statute requires the defendant be over sixteen years of age and that there be a five-year difference between the age of the accused and the age of the victim, who must be less than sixteen. Defendant contends we should apply a rule of strict scrutiny to test the constitutionality of the statute. *See, e.g., Shapiro v. Thompson,* 394 U.S. 618, 22 L.Ed.2d 600, 89 S.Ct. 1322 (1969). We disagree. The proper test is whether the statute has a rational basis for the classification scheme. Age classifications are not so suspect as to require an application of the strict scrutiny test. In re *Walker,* 282 N.C. 28, 191 S.E.2d 702 (1972). The age classifications within the statute are reasonably related to the purpose of the statute, *i.e.,* the protection of children from the sexual advances of adults. The five-year age difference of the defendant, who cannot himself be under sixteen, and that of the victims, who must be under age sixteen, is a reasonable classification. If it were otherwise, a child could be punished for molesting another child, or an adult could be punished for molesting another adult. This was not the purpose behind G.S. 14-202.1. The age classifications are reasonable means of avoiding this. The statute does not deny defendant his right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution or Article I, section XIX of the North Carolina Constitution.

**[5]** Defendant's final argument on the constitutionality of G.S. 14-202.1 is that it is unconstitutionally overbroad in that it pro-

scribes innocent displays of affection in violation of the First Amendment. The statute has never been so interpreted and it was certainly not so applied in this case. Defendant has no standing to attack the statute on these grounds. He has no First Amendment right to express himself through unlawful actions. This is not activity which the State is forbidden by the Constitution to regulate. *See State v. Banks*, 295 N.C. 399, 245 S.E.2d 743 (1978).

**[6]** Defendant's second assignment of error, which is raised for the first time in this Court, is that the trial court lacked jurisdiction to try him under G.S. 14-202.1 because the criminal act he committed was a crime against nature prohibited by G.S. 14-177. Defendant relies on dicta in *State v. Lance*, 244 N.C. 455, 459, 94 S.E.2d 335, 339 (1956), which is also quoted in *State v. Harward*, 264 N.C. 746, 748, 142 S.E.2d 691, 693 (1965), to the following effect:

> The two acts are complementary rather than repugnant or inconsistent. GS 14-177 condemns crimes against nature whether committed against adults or children. GS 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age which cannot be reached and punished under the provisions of GS 14-177.

In spite of this language, no case has held that an adult who places his mouth on the penis of a child cannot be tried under G.S. 14-202.1. On the facts of this case, it is the more encompassing statute. Defendant did more to the children than commit a crime against nature. Dale Hubble testified, "I told my mother that he rubbed my back and legs. . . ." Lester Self's mother testified without objection that her son told her defendant "had placed his hands on his penis and other privates." Defendant was properly tried under G.S. 14-202.1. The crime against nature statute, G.S. 14-177, and the indecent liberties with children statute, G.S. 14-202.1, are complementary but not mutually exclusive.

Defendant's final assignment of error is to the jury charge of the trial court. The assignment is supported by an exception which appears at the end of the charge which covers five printed pages of the record. The charge contains no identification of the portion or portions to which exception was taken. The Court of Appeals correctly noted this to be a "broadside" exception to the charge in

violation of Rule 10 (b)(2), Rules of Appellate Procedure. The Court of Appeals also correctly noted that defendant had attempted to argue three separate points of law under one assignment of error based on one exception in violation of Rule 10 (c), Rules of Appellate Procedure. The Court of Appeals did not err in overruling the assignment of error on these grounds. We have, however, reviewed the charge and find it, when considered as a whole, an accurate statement and application of the law to the case.

The Court of Appeals did not err in upholding the conviction.

Affirmed.

Justice MEYER took no part in the consideration or decision of this case.