STATE OF NORTH CAROLINA v. ROBERT EUGENE BENNETT

No. 664PA82

(Filed 31 May 1983)

1. **Criminal Law § 163— necessity for jury instruction conference—no inconsistency between statute and rule of practice**

   If either party to the trial desires a *recorded* instruction conference, G.S. 15A-1231(b) requires that party to make such a request to the trial judge. Absent such a request, G.S. 15A-1231(b) is silent and Rule 21 of the General Rules of Practice for the Superior and District Courts supplements the statute by requiring the trial court to hold an *unrecorded* conference. Therefore, there is no conflict between the two provisions and both may be given full effect. Art. IV, § 13(2) of the N.C. Constitution.

2. **Criminal Law § 158.2— silence of record—presumption that judge acted properly**

   Where the record is silent as to whether the trial judge conducted a jury instruction conference as required by Rule 21 of the General Rules of Practice for the Superior and District Courts, it will be presumed that he did so.

3. **Criminal Law § 163— opportunity to object to jury instructions out of hearing of jury**

   Defendant was given a sufficient opportunity to object to the jury instructions out of the hearing of the jury as required before a waiver of the right to assert an assignment of error based on the instructions can be found under App. Rule 10(b)(2) where, at the conclusion of the charge, the court asked if there was "anything further from either the State or the defendant," to which defendant responded, "Nothing for the defendant," since defendant could have objected at this time to the instructions out of the hearing of the jury or requested that he be permitted to make his objections out of the presence of the jury. Therefore, since defendant did not object to the instructions as given, he is precluded by App. Rule 10(b)(2) from assigning as error any portion of the jury charge.

4. **Criminal Law § 163— necessity for objection to instructions—conflict between appellate rule and statute**

   The provisions of G.S. 15A-1446(d)(13) permitting appellate review of errors in the charge "even though no objection, exception or motion had been made in the trial division" and of G.S. 15A-1231(d) stating that "[f]ailure to object to an erroneous instruction or to the erroneous failure to give an instruction does not constitute a waiver of the right to appeal on that error in accordance with G.S. 15A-1446(d)(13)" are inconsistent with App. Rule 10(b)(2) and must yield thereto, since Rule 10(b)(2) is a rule of appellate practice and procedure promulgated by the Supreme Court pursuant to its exclusive authority under Art. IV, § 13(2) of the N.C. Constitution.

**5. Criminal Law § 163— instructions not plain error—necessity for objection**

     The trial court's instructions on defendant's failure to testify did not contain "plain error" such as to require a new trial despite defendant's failure to object to the instructions given as required by App. Rule 10(b)(2).

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 418, 297 S.E. 2d 138 (1982) finding no error in the defendant's trial before *Friday, Judge,* at the 30 November 1981 Criminal Session of Superior Court, CLEVELAND County.

*Rufus L. Edmisten, Attorney General, by Thomas H. Davis, Jr., and Thomas B. Wood, Assistant Attorneys General, for the State.*

*Adam Stein, Appellate Defender, by Marc D. Towler, Assistant Appellate Defender, for defendant appellant.*

MITCHELL, Justice.

The defendant's sole question before the Court of Appeals concerned the propriety of the trial court's unrequested jury instruction regarding the defendant's failure to testify at trial. The Court of Appeals found that the defendant had not preserved his right of appeal due to his failure to object to the instruction as given as required by Rules of Appellate Procedure [hereinafter "Rules"] 10(b)(2). The Court of Appeals held that Rule 21 of the General Rules of Practice for the Superior and District Courts [hereinafter "General Rules"] conflicted with G.S. 15A-1231(b) and, since both deal with trial rather than appellate practice and procedure, General Rule 21 must give way to the statute. For the reasons enumerated below, we hold that General Rule 21 does not conflict with G.S. 15A-1231(b). Nevertheless, we find that, pursuant to Rule 10(b)(2), the defendant waived his right to assert an assignment of error based on the jury instructions.

The defendant was charged with two counts of felonious possession of marijuana with the intent to sell and with two counts of felonious sale and delivery of marijuana. The charges arose out of an undercover operation by the Cleveland County Sheriff's Department. An officer testified that he purchased marijuana from the defendant on two occasions. The defendant did not testify or offer any evidence at trial. The jury found the defendant guilty of all four charges. He was sentenced to two years for

each count, all but two years to run concurrent with each other with the remaining two years to run at the expiration of the other sentences. From this judgment, the defendant appealed to the Court of Appeals. The Court of Appeals, in an opinion by Judge Wells with Judge (now Chief Judge) Vaughn and Judge Whichard concurring, found no error in the defendant's trial. The defendant's motion for discretionary review was allowed by this Court.

The defendant assigns as error the trial court's instruction to the jury concerning the defendant's failure to testify at trial. The defendant did not request such an instruction and contends that the instruction given was inadequate and improper. The defendant admits that he did not object to the jury charge before the jury retired to consider its verdict as required by Rule 10(b)(2). He acknowledges that his failure would normally amount to a waiver of his right to assign as error any portion of the charge. However, he contends that his failure to object should be excused due to the trial court's failure to hold a jury instruction conference as required by General Rule 21. He also contends that he was not given the opportunity to make an objection out of the hearing of the jury as required before a waiver can be found under Rule 10(b)(2). Finally, the defendant argues that even if he is deemed to have waived his assignment of error, this Court should find plain error in the instructions.

The Court of Appeals compared the provisions of G.S. 15A-1231(b) with General Rule 21 and found that the rules conflicted. Article IV, Section 13(2) of the North Carolina Constitution vests in the Supreme Court the "exclusive authority to make rules of procedure and practice for the Appellate Division." That same section gives the General Assembly the power to make rules of practice and procedure for the Superior Court and District Court Divisions, but allows the General Assembly to delegate this authority to the Supreme Court. The General Assembly did in fact make such a delegation of power to the Supreme Court in G.S. 7A-34, but only to the extent that any rules promulgated under this grant of power are to be "supplementary to, and not inconsistent with, acts of the General Assembly." General Rule 21 imposes a requirement on the trial court to hold a jury instruction conference. As such, it is a rule of procedure and practice of the Superior Court and District Court

Divisions and must fail if it is inconsistent with an act of the General Assembly.

G.S. 15A-1231(b) is as follows:

> On request of either party, the judge must, before the arguments to the jury, hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure, not corrected prior to the end of the trial, materially prejudiced the case of the defendant.

General Rule 21, in pertinent part states:

> At the close of the evidence (or at such earlier time as the judge may reasonably direct) in every jury trial, civil and criminal, in the superior and district courts, the trial judge shall conduct a conference on instructions with the attorneys of record (or party, if not represented by counsel). Such conference shall be out of the presence of the jury, and shall be held for the purpose of discussing the proposed instructions to be given to the jury. An opportunity must be given to the attorneys (or party if not represented by counsel) to request any additional instructions or to object to any of those instructions proposed by the judge. Such requests, objections and the rulings of the court thereon shall be placed in the record.

The Court of Appeals held that there was an inconsistency in the provisions of G.S. 15A-1231(b) and General Rule 21 and therefore only G.S. 15A-1231(b) could be given effect. The Court of Appeals ruled that an instruction conference must be held only upon the request of one of the parties. We disagree with the Court of Appeals' interpretation.

[1]   As indicated in G.S. 7A-34, the Supreme Court can prescribe rules of practice and procedure for the trial courts that are sup-

plementary to the acts of the General Assembly as long as the rules are not inconsistent with such acts. If either party to the trial desires a *recorded* instruction conference, G.S. 15A-1231(b) requires that party to make such a request to the trial judge. Absent such a request, G.S. 15A-1231(b) is silent and General Rule 21 supplements the statute by requiring the trial court to hold an *unrecorded* conference. *State v. Fennell,* 307 N.C. 258, 297 S.E. 2d 393 (1982).

Since General Rule 21 requires a conference without regard to whether it is requested by a party and G.S. 15A-1231(b) requires a *recorded* conference only at the request of either party, there is no conflict between the two provisions. Both may be given full effect. There is no indication in the record that either party requested a recorded conference, therefore the failure of the court to hold a *recorded* conference was clearly not erroneous.

[2] The defendant argues further that there is nothing in the record to indicate that *any* instruction conference was held. It is true that the record is silent as to whether a conference was held, but the failure of the record on this point must be attributed to the defendant. The defendant, as appellant, has the duty under Rule 11 to preserve the record on appeal. If there was no instruction conference held, the defendant could have sought a stipulation from the State pursuant to Rule 11(a) acknowledging the trial court's failure in this regard. Had the State refused to agree to the stipulation, and objected to such a notation in the record, then the defendant could have requested that the trial judge settle the record on appeal pursuant to Rule 11(c). *State v. Johnson,* 298 N.C. 355, 259 S.E. 2d 752 (1979). Of course, the defendant also could have assured a notation in the record of the judge's failure to hold a conference by objecting at trial.

Despite the aforementioned methods of noting any failure of the trial court to hold a conference, the record is silent on this point. As we stated in *State v. Fennell,* 307 N.C. 258, 262, 297 S.E. 2d 393, 396 (1982):

Where the record is silent upon a particular point, it will be presumed that the trial court acted correctly in performing his judicial acts and duties. We therefore conclude, in the absence of any evidence whatsoever to the contrary, that the

trial judge fully complied with [General] Rule 21 in conducting the instruction conference. (Citations omitted.)

[3]   The defendant also argues that he was not given the opportunity to object to the instructions out of the hearing of the jury as required before a waiver can be found under Rule 10(b)(2). We find this argument to be without merit. At the conclusion of his charge to the jury, the court asked if there was "anything further from either the State or the defendant," to which the defendant responded, "Nothing for the defendant." At this time the defendant could have objected to the instructions out of the hearing of the jury or requested that he be permitted to make his objections out of the presence of the jury. The record reveals that the defendant did neither. His failure to object to the instructions cannot, on the record before us, be said to have been caused by a lack of opportunity for the defendant to make his objections out of the hearing of the jury. The defendant did not object to the instructions as given and he is therefore precluded by Rule 10(b)(2) from assigning as error any portion of the jury charge.

[4]   The Court of Appeals correctly noted that Rule 10(b)(2) and G.S. 15A-1446(d)(13) are in conflict. G.S. 15A-1446(d)(13) allows for appellate review of errors in the charge to the jury "even though no objection, exception or motion has been made in the trial division." Rule 10(b)(2) states: "No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." Rule 10(b)(2) is a rule of appellate practice and procedure, promulgated by the Supreme Court pursuant to its exclusive authority under the Constitution of North Carolina, Article IV, Section 13(2). To the extent that G.S. 15A-1446(d)(13) is inconsistent with Rule 10(b)(2), the statute must fail. *See State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981). We also note that G.S. 15A-1231(d) states in part that "[f]ailure to object to an erroneous instruction or to the erroneous failure to give an instruction does not constitute a waiver of the right to appeal on that error in accordance with G.S. 15A-1446(d)(13)." Inasmuch as this section also conflicts with Rule 10(b)(2), it too must fail.

[5]   Finally, the defendant contends that even if he waived his right to appeal the Court should reverse his conviction since the trial court's instruction involved "plain error." *State v. Odom*, 307

N.C. 655, 300 S.E. 2d 375 (1983). Having reviewed this instruction and the whole record, we find that the trial court did not commit "plain error" such as to require a new trial in spite of the defendant's failure to comply with the requirements of Rule 10(b)(2).

The opinion of the Court of Appeals, as modified herein, is affirmed.

Modified and affirmed.