STATE OF NORTH CAROLINA v. ROBERT A. BARTLETT, SR.

No. COA01-1003

(Filed 5 November 2002)

## 1. Criminal Law— additional instructions after deliberations begun—discretion exercised

The trial court did not refuse to exercise its discretion in a prosecution for first-degree sexual offense by refusing to give defendant's requested instruction on intent after the jury had twice requested re-instruction on the elements of the offense. Contrary to defendant's assertions, the court's comments indicate that it was exercising its discretion in determining whether the additional instruction should be made under the facts and circumstances of the case.

## 2. Sexual Offenses— first-degree—deliberate touching of child—prurient intent not required

The trial court properly declined to instruct the jury on accidental or inadvertent touching as requested by a first-degree sexual offense defendant where there was no evidence that the physical contact between defendant and his children was not deliberate. The offense of first-degree sexual offense does not require prurient intent as proposed in the instruction.

## 3. Sexual Offenses— first-degree—sufficiency of evidence—sexual intent—not required

The trial court did not err by denying a motion to dismiss charges of first-degree sexual offense where defendant argued that there was insufficient evidence of sexual intent, but the intent to commit a first-degree sexual offense is inferred from the commission of the act and there was substantial evidence to support the essential elements of the offense.

## 4. Evidence— sexual misconduct—substantive evidence

There was no plain error in a prosecution for first-degree sexual offenses in the admission of sexual misconduct by defendant where most of the evidence was offered to prove the acts of which defendant was accused. Furthermore defendant did not show a fundamental error that induced the jury to reach a verdict different from that it would otherwise have reached.

STATE v. BARTLETT

[153 N.C. App. 680 (2002)]

**5. Sexual Offenses— first-degree—innocent touching of children—parental rights**

The first-degree sexual offense statute was not unconstitutional as applied to defendant where defendant contended that punishing a parent for innocent touching violates fundamental parenting interests which are constitutionally protected, but defendant was being punished for unlawful sexual acts which were not innocent.

**6. Constitutional Law— cruel and unusual punishment—life imprisonment for first-degree sexual offense**

Life imprisonment under the first-degree sexual offense statute does not constitute cruel and unusual punishment.

**7. Criminal Law— motion to withdraw counsel denied—no abuse of discretion**

The trial court did not abuse its discretion by denying defendant's motions to withdraw counsel and for a continuance where three attorneys had been assigned and withdrawn and the court regarded defendant's motions as an attempt to further delay defendant's trial. Defendant failed to demonstrate any resulting prejudice from the denial of his motions.

**8. Evidence— first-degree sexual offense against children— issues from earlier custody trial—false allegations— irrelevant**

The trial court did not err in a prosecution for first-degree sexual offense by excluding evidence from an earlier custody trial that defendant's wife had created false allegations against him where much of the evidence defendant sought to introduce was simply an attempt to re-litigate allegations and accusations from the earlier civil trial and was irrelevant to the issues before the jury.

**9. Sexual Offenses— first-degree—short-from indictment**

The short-form indictment for first-degree sexual offense is constitutional.

Appeal by defendant from judgment entered 14 July 2000 by Judge Stafford G. Bullock in Alamance County Superior Court. Heard in the Court of Appeals 16 May 2002.

STATE v. BARTLETT

[153 N.C. App. 680 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Laura E. Crumpler, for the State.*

*Miles & Montgomery, by Mark D. Montgomery, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Robert Andrew Bartlett, Sr. ("defendant") appeals from his convictions of three counts of first-degree sexual offense. For the reasons discussed herein, we affirm defendant's convictions.

The evidence at trial tended to show the following: Defendant and Pamela Gustafson Poteat ("Pamela") married in 1988. Defendant and Pamela had three children during their marriage: "L" (age eleven at the time of trial); "R" (age ten at the time of trial); and "R's" twin brother, "A." During the marriage, defendant cared for the three children while Pamela worked outside of the home. The three children testified that, while Pamela was working and away from the home, defendant engaged in improper touching of their private parts.

At trial, "L" confirmed that defendant repeatedly "rub[bed] her body against his" and that "her front private parts touch[ed] his front private parts." "L" testified that defendant kissed her on both her "bottom" and "top" private parts, including kissing her between her legs while she was undressed. She asserted that defendant often kissed the children on their private parts after their baths and referred to such kisses as "clean kisses."

"A" and "R" similarly testified that defendant touched them inappropriately. "A" testified that defendant referred to his penis as his "Bo Jo." "A" described how defendant often "played" with "A's" "Bo Jo" and stated that, on numerous occasions, defendant inserted "his Bo Jo up my butt and he'd kiss my private parts." "A" further testified that defendant forced him to "get down on my knees and kiss his private parts[,]" after which "white stuff would come out [of defendant's penis]." "A" stated that, "[i]f [defendant] didn't feel my lips on [his penis] then he'd spank me until I did."

"R" testified that defendant "st[u]ck his private into ours and this white stuff came out." "R" described how defendant "would touch his front private between the legs and then he would fix my sandwich and when I got to school that day I didn't eat my sandwich because I felt like I was going to throw up every single time."

Defendant testified and described his education and experience both as an attorney and as a school teacher. He admitted to giving the children "clean kisses" from head to toe when they were younger, but stated that it was a "family tradition." He denied improper touching and contended that if any occurred, such touching was made without sexual intent.

Following the denial of his motion to dismiss, defendant was convicted of three counts of first-degree sexual offense and sentenced to a term of life imprisonment. Defendant appeals.

---

Defendant presents seven assignments of error on appeal, arguing that the trial court erred by (1) declining to instruct the jury on intent; (2) denying his motion to dismiss; and (3) admitting evidence of prior sexual misconduct by defendant. Defendant also contends that (4) the first-degree sexual offense statute under which he was convicted is unconstitutional. Further, defendant argues that the trial court (5) abused its discretion in denying his motion to dismiss his counsel and motion to continue, and (6) erred in excluding certain evidence. Finally, defendant asserts that (7) the short-form first-degree sexual offense indictment is unconstitutional. We address defendant's arguments in turn.

## Jury Instructions

[1] In his first assignment of error, defendant contends that the trial court erred in failing to exercise its discretion and in declining to give defendant's requested instruction regarding *mens rea*. We disagree.

At the close of the State's evidence and following the charge conference, the trial court asked the State and defendant whether they had any objections, corrections or additions to the instructions proposed by the trial court. Defense counsel did not object to the proposed instructions and specifically declined the request for an additional instruction. The trial court then instructed the jury in part as follows:

> Now, I charge that for you to find the Defendant guilty of first degree sexual offense the State must prove three things beyond a reasonable doubt. First, that the Defendant engaged in a sexual act with the victim. A sexual act means cunnilingus, which is any touching however slight by the lips or the tongue of one person to any part of the female sex organ of another; fellatio, which is

any touching by the lips or tongue of one person and the male sex organ of another; anal intercourse, which is any penetration, however slight, of the anus by any person by the male sexual organ of another. Second, that at the time the acts alleged the victim was a child under the age of 13. And third, that at the time of the alleged offense, the Defendant was at least 12 years old, and was four years older than the victim.

After the jury instructions were given, the jury retired to deliberate. During the jury's deliberation, the jury asked the court for re-instruction on the elements of first-degree sexual offense. Based on the jury's inquiry, the court re-instructed the jury as recited above. Following a second request for re-instruction on the elements of first-degree sexual offense, the court provided the jury with a written instruction on first-degree sexual offense as set out above. Defendant then requested that the jury be instructed that the crime of first-degree sexual offense "requires a prurient intent" and that "[a] mere innocent, inadvertent or accidental touching is not a criminal offense." The trial court denied the request, noting that it "should have been made before the jury was charged the first time."

Following the overnight recess, defendant personally addressed the court, arguing that the instruction was appropriate and supported by the evidence. The State objected to the additional instruction. In declining defendant's request, the trial court stated that, "you just don't charge the jury, deliberate, then they come back and you charge some more. I think it's very inappropriate for that to happen." Defendant then suggested to the court that the jury was "having a crisis of conscience" as evidenced by the repeated requests for re-instruction on the elements of first-degree sexual offense. The court responded, "[t]hat might be, but it still does not authorize or allow me to continue giving them additional charges[,]" and accordingly denied defendant's request for the additional instruction.

Defendant now contends that the trial court erred when it ruled that it was without discretion to give the additional instruction based on the jury's inquiry. Defendant's contention is without merit.

Section 15A-1234 of the North Carolina General Statutes provides in pertinent part that

After the jury retires for deliberation, the judge may give appropriate additional instructions to:

(1)  Respond to an inquiry of the jury made in open court; or

(2)  Correct or withdraw an erroneous instruction; or

(3)  Clarify an ambiguous instruction; or

(4) Instruct the jury on a point of law which should have been covered in the original instructions.

N.C. Gen. Stat. § 15A-1234(a) (2001). "[T]he trial court is in the best position to determine whether further additional instruction will aid or confuse the jury in its deliberations, or if further instruction will prevent or cause in itself an undue emphasis [to be] placed on a particular portion of the court's instructions." *State v. Prevette*, 317 N.C. 148, 164, 345 S.E.2d 159, 169 (1986). Whether or not to give additional instructions rests within the sound discretion of the trial court and will not be overturned absent abuse of that discretion. *See id.* Where the trial court fails to exercise its discretion, however, such failure constitutes reversible error. *See State v. Thompkins*, 83 N.C. App. 42, 45-46, 348 S.E.2d 605, 607 (1986).

Contrary to defendant's assertions in the instant case, it is clear that the trial judge exercised his discretion in denying defendant's request for the *mens rea* instruction. The trial judge's response to defendant's request fully reflects his thoughts and reasoning on the propriety of providing an additional instruction as evidenced by the following colloquy:

Mr. Bartlett, you just don't charge the jury, deliberate, then they come back and you charge some more. I think it's very inappropriate for that to happen . . . . I understand your request and in essence what I'm saying to you, I'm going to deny it because I think it's inappropriate to go back and recharge the jury again and especially when it's being opposed to one party—being opposed by one party.

Clearly, the trial court was of the opinion that the requested instruction came too late and would not aid the jury in its deliberations. His comments to the State and defendant indicate that he was exercising his discretion in determining whether the additional instruction should be made under the facts and circumstances of this case. Because the trial court properly exercised its discretion, and because we perceive no abuse of that discretion, we conclude that the trial court did not err in refusing to provide the additional instruction requested by defendant.

**[2]** Moreover, we note that defendant's requested instruction does not comport with the law of the State and the evidence of this case. First-degree sexual offense is codified in section 14-27.4 of the North Carolina General Statutes and provides that:

> A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

N.C. Gen. Stat. § 14-27.4(a) (2001). Our Supreme Court has unequivocally held that "[f]irst-degree sexual offense is not a specific-intent crime[.]" *State v. Daughtry*, 340 N.C. 488, 516, 459 S.E.2d 747, 761 (1995), *cert. denied*, 516 U.S. 1079, 133 L. Ed. 2d 739 (1996). "[T]he intent to commit the crime of sexual offense is inferred from the commission of the act" and thus "intent is not an essential element of the crime of first-degree sexual offense[.]" *State v. Boone*, 307 N.C. 198, 209, 297 S.E.2d 585, 592 (1982), *overruled in part on other grounds*, *State v. Richmond*, 347 N.C. 412, 430, 495 S.E.2d 677, 687 (1998). The offense of first-degree sexual offense therefore does not require "prurient intent" as proposed in the instruction requested by defendant. Furthermore, there was no evidence to support defendant's instruction regarding an "inadvertent" or "accidental" touching. None of the evidence, including the evidence offered by defendant, tended to show that defendant touched his children accidently or inadvertently. Defendant does not deny that he gave the children "clean kisses;" rather, he disputes the characterization of such physical contact. Because there was no evidence that the physical contact that occurred between defendant and his children was not deliberate, the trial court properly declined to instruct the jury on "accidental" or "inadvertent" touching as requested by defendant. We therefore overrule this assignment of error.

### *Motion to Dismiss*

**[3]** In his second assignment of error, defendant contends that the trial court erred in denying his motion to dismiss. We disagree.

"In ruling upon a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which may be drawn from the evidence." *State v. Hairston*, 137 N.C. App. 352, 354, 528 S.E.2d 29, 30 (2000). "When a defendant moves for dismissal, the trial court is to

determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991). If there is substantial evidence of each element of the charged offense and of the defendant being the perpetrator of the offense, the case is for the jury and the motion to dismiss should therefore be denied. *See State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

In the instant case, defendant argues that there was insufficient evidence that the acts committed by defendant were made with any sexual intent. As noted *supra*, however, the intent to perpetrate a first-degree sexual offense is inferred from the commission of the act. *See Boone*, 307 N.C. at 209, 297 S.E.2d at 592. Furthermore, there was substantial evidence before the trial court to support the essential elements of first-degree sexual offense. All three children testified to the egregious acts committed by defendant. Both "L" and "R" testified to numerous encounters with defendant during which he would "stick his private" into their "private parts" and "white stuff would come out." "A" testified that defendant would "jiggle" and "play" with "A's" "Bo Jo" and "stick his Bo Jo" into "A's" "butt." Viewing the evidence in the light most favorable to the State, the trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

*Evidence of Prior Sexual Misconduct*

[4] Defendant next assigns error to the admission of evidence concerning alleged prior sexual misconduct by defendant. Specifically, defendant contends that the admission of evidence tending to show that defendant "repeatedly raped his children, that he masturbated in front of them, fondled them, [and] walked around the house naked" was inadmissible and prejudicial. Having failed to object to the admission of this evidence at trial, defendant now contends that the trial court's failure to exclude this evidence constituted plain error. We disagree.

Most of the evidence to which defendant objects was substantive evidence, offered by the State to prove the very acts of which defendant was accused. Thus, evidence that defendant raped or fondled his children was not evidence of "prior bad acts," but rather evidence tending to show that defendant committed the crime of first-degree sexual offense.

Further, defendant has failed to demonstrate plain error by the trial court. Plain error is "fundamental error" amounting to a miscar-

riage of justice or having a substantial and prejudicial impact on the jury verdict. *See State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000). Defendant has not shown any fundamental error that induced the jury to reach a different verdict than it otherwise would have reached. Accordingly, this assignment of error is overruled.

### Constitutionality of the First-Degree Sexual Offense Statute

[5] By his fourth assignment of error, defendant contends that the first-degree sexual offense statute is unconstitutional as applied to defendant. Defendant concedes that the appellate courts have held the statute to be constitutional on its face, but nevertheless argues that the statute violates defendant's constitutional rights in several ways. We disagree.

Defendant first argues that punishing a parent for the "innocent touching" of his children violates fundamental parenting interests protected by the United States Constitution. Our Supreme Court in *State v. Elam*, 302 N.C. 157, 273 S.E.2d 661 (1981), addressed a similar argument wherein the defendant contended that section 14-202.1, the statute outlawing the taking of indecent liberties with children, was unconstitutionally overbroad in that it proscribed "innocent displays of affection in violation of the First Amendment." *Id.* at 163, 273 S.E.2d at 665. Rejecting defendant's argument, the Court held that

> [t]he statute has never been so interpreted and it was certainly not so applied in this case. Defendant has no standing to attack the statute on these grounds. He has no First Amendment right to express himself through unlawful actions. This is not activity which the State is forbidden by the Constitution to regulate.

*Id.* Similarly, in the present case, defendant is not being punished for innocent acts; rather, he is being punished for unlawful sexual acts he committed upon his children, which are the acts proscribed by the first-degree sexual offense statute.

[6] Defendant further argues that the punishment of life imprisonment under the first-degree sexual offense statute constitutes cruel and unusual punishment. This argument was squarely rejected by our Supreme Court in *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985), in which the Court stated that

> [c]learly the legislature determined that whether or not accompanied by violence or force, acts of a sexual nature when performed

upon a child are sufficiently serious to warrant the punishment mandated . . . . Since it is the function of the legislature and not the judiciary to determine the extent of punishment to be imposed, we accord substantial deference to the wisdom of that body. The imposition of a mandatory sentence of life imprisonment for first-degree sexual offense is not so disproportionate as to constitute a violation of the eighth amendment of the Constitution of the United States.

*Id.* at 763-74, 324 S.E.2d at 837 (citation omitted). Accordingly, defendant's argument is meritless and we overrule this assignment of error.

### *Motions to Withdraw and Continue*

**[7]** Defendant next argues that the trial court abused its discretion in denying defendant's motions to withdraw counsel and to continue. While defendant cites general authority regarding the right to present a defense and the right to due process under the United States and North Carolina Constitutions, he fails to demonstrate how he was prejudiced by the denial of his motions. Instead, the record reveals that three attorneys had previously been assigned and withdrawn from defendant's case. Clearly, the court regarded defendant's motions as an attempt to further delay defendant's trial. As defendant has failed to demonstrate any resulting prejudice from the denial of his motions, and as we discern no abuse of the trial court's discretion in denying such motions, we overrule this assignment of error.

### *Exclusion of Evidence*

**[8]** In his sixth assignment of error, defendant contends that the trial court erred in excluding certain evidence. Specifically, defendant argues that the trial court erred in excluding evidence that, according to defendant, tended to show that Pamela "poisoned" the children's minds and created false allegations against defendant. We disagree.

Rule 401 of the North Carolina Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2001). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . . " N.C. Gen. Stat. § 8C-1, Rule 403 (2001). The

decision to exclude evidence under Rule 403 is within the discretion of the trial court and may only be reversed upon a showing of an abuse of discretion. *See State v. Mickey*, 347 N.C. 508, 518, 495 S.E.2d 669, 676, *cert. denied*, 525 U.S. 853, 142 L. Ed. 2d 106 (1998).

In the instant case, defendant sought to introduce matters into evidence that were part of an earlier custody trial between defendant and Pamela. According to defendant, such evidence tended to support his theory that Pamela created false allegations against defendant. Defendant concedes that some evidence tending to support his theory was presented to the jury. Moreover, after careful review of the transcript, we conclude that much of the evidence defendant sought to introduce was simply an attempt by defendant to re-litigate allegations and accusations from the earlier civil trial, and that furthermore, the evidence was irrelevant to the issues before the jury. We therefore hold that the trial court properly exercised its discretion in excluding the evidence, and we overrule this assignment of error.

### Short-Form Indictment

**[9]** In his final assignment of error, defendant contends that the short-form indictment for the crime of first-degree sexual offense is unconstitutional, as it fails to give sufficient notice of the sexual act the defendant is alleged to have committed. This argument is without merit.

In *State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359 (1987), our Supreme Court held that the first-degree sexual offense short-form indictments were sufficient "to put the defendant on notice of the charges" against him and thus did not deprive the defendant of any rights under the United States or North Carolina Constitutions. *Id.* at 24, 357 S.E.2d at 362. The Court further noted that an indictment that charges a first-degree sexual offense without specifying which sexual act was committed is nonetheless "sufficient to charge the crime of first degree sexual offense and to put the defendant on notice of the accusation." *Id.* This Court has also held that section 14-27.4 is "constitutional under both our state and federal constitutions and . . . do[es] not serve to deprive defendant of his right to prepare his case or his right to due process and equal protection under the law." *State v. Blackmon*, 130 N.C. App. 692, 700, 507 S.E.2d 42, 47, *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998). Accordingly, we overrule this assignment of error.

JORDAN v. CIVIL SERV. BD. OF CHARLOTTE

[153 N.C. App. 691 (2002)]

Based on the foregoing analysis, we hold that defendant received a trial free from prejudicial error.

No error.

Judges CAMPBELL and LEWIS concur.