IN THE MATTER OF ROBERT A. BARTLETT. August 23, 2004. *Attorney at Law,* Disciplinary proceeding, Disbarment.

Robert A. Bartlett appeals from a judgment of a single justice of this court disbarring him from the practice of law. We affirm.

Bartlett was convicted in North Carolina of three counts of first degree (felony) sexual offense pursuant to N.C. Gen. Stat. § 14-27, 4(a) (2001). He was sentenced to life imprisonment. His convictions were affirmed by the Court of Appeals of North Carolina, *State* v. *Bartlett,* 153 N.C. App. 680 (2002), and the Supreme Court of North Carolina denied Bartlett's petition for further review and dismissed his appeal, *State* v. *Bartlett,* 356 N.C. 679 (2003). The case before us began when bar counsel filed a petition for discipline against Bartlett based on his convictions. The proceedings were stayed while Bartlett's direct appeal was pending in North Carolina. After that appeal process was concluded, the disciplinary process resumed. The Board of Bar Overseers (board) voted unanimously to recommend that Bartlett be disbarred, and filed an information in the county court accordingly. S.J.C. Rule 4:01, § 12, as appearing in 425 Mass. 1313 (1997). After a hearing at which Bartlett was represented by counsel, the single justice entered a judgment of disbarment.

1. *Alleged lack of jurisdiction.* Bartlett argues that North Carolina lacked jurisdiction over some of the acts for which he was convicted and therefore the North Carolina convictions cannot be used as the basis for disbarment. There is no indication in the record that Bartlett raised any jurisdictional challenge in the North Carolina courts or before the board or the single justice in Massachusetts. He raises this issue for the first time before us in this appeal. Moreover, nothing in the record supports the assertion that Bartlett was improperly convicted in North Carolina of any acts that occurred in other jurisdictions. Further, Bartlett admitted at his criminal trial, and again on his direct appeal, that he did commit certain acts; he disputed only "the characterization of such physical contact." We therefore reject Bartlett's claim that the North Carolina convictions cannot serve as the basis for his disbarment. *Matter of Concemi,* 422 Mass. 326, 329 (1996) ("Our rule conclusively determines that the issue of guilt or innocence is not to be relitigated in a bar discipline proceeding").

2. *Sanction.* We review de novo the question of the appropriate level of discipline to be imposed, *Matter of Kennedy,* 428 Mass. 156, 156 (1998), giving substantial deference to the board's recommendation. *Matter of Tobin,* 417 Mass. 81, 88 (1994). Our goal is to ensure that the discipline imposed is not markedly disparate from that which has been imposed in comparable cases. *Matter of Alter,* 389 Mass. 153, 156 (1983).

Disbarment in these circumstances is not markedly disparate from sanctions ordered in similar cases. See *Matter of Concemi, supra* at 329 ("disbarment or indefinite suspension is the usual sanction imposed for a felony conviction"); *Matter of Paris,* 9 Mass. Att'y Discipline Rep. 257, 257 (1993) ("Felony convictions generally require disbarment"). Sexual misconduct against children is a serious crime warranting disbarment. See *Matter of Mackey,* 16 Mass. Att'y Discipline Rep. 270 (2000) (attorney disbarred after conviction for sexual misconduct with four year old boy); *Matter of Gordon,* 16 Mass. Att'y Discipline Rep. 209 (2000) (disbarment ordered after conviction of indecent assault and battery on child under fourteen years, open and

gross lewdness, and indecent exposure); *Matter of Olson*, 5 Mass. Att'y Discipline Rep. 283 (1998) (disbarment ordered after conviction of conspiracy, aiding and abetting, and sexual exploitation of children). Contrast *Matter of Romm*, 15 Mass. Att'y Discipline Rep. 505, 507-508 (1999) (indefinite suspension ordered where attorney pleaded nolo contendre to charges stemming from using Internet to solicit sex from and to send obscene photographs to undercover deputy sheriff posing as minor; no sexual contact ever occurred).

*Judgment affirmed.*

The case was submitted on briefs.

*Robert A. Bartlett*, pro se.

*Daniel C. Crane*, Bar Counsel.