GEER, Judge, concurring in part and dissenting in part.
I agree with the majority opinion that defendant has no right to appeal, but I do not agree with the majority's conclusion that Rule 21(a)(1) of the Rules of Appellate Procedure limits this Court's ability to grant defendant's petition for writ of certiorari. Although the majority opinion purports to distinguish and limit the Supreme Court's recent decision in State v. Stubbs, 368 N.C. 40, 770 S.E.2d 74 (2015), the majority opinion's analysis and holding is squarely inconsistent with that opinion. Because I would grant the petition for writ of certiorari and review the merits of defendant's arguments, I must respectfully dissent.
*495 The majority opinion acknowledges that defendant filed a petition for writ of certiorari based on N.C. Gen.Stat. § 15A-1444(e) (2013). The majority then asserts: "Although N.C. Gen.Stat. § 15A-1444(e) states a defendant who enters a guilty plea may seek appellate review by certiorari, Appellate Rule 21(a)(1) is entitled 'Certiorari,' and provides the procedural basis to grant petitions for writ of certiorari under the following situations: (1) 'when the right to prosecute an appeal has been lost by failure to take timely action;' (2) 'when no right of appeal from an interlocutory order exists;' or (3) to 'review pursuant to [N.C. Gen.Stat.] § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.' " The majority then concludes that because defendant's petition for writ of certiorari under N.C. Gen.Stat. § 15A-1444(e) does not invoke any of the three grounds set out in Rule 21(a)(1), this Court may not review the petition for writ of certiorari without suspending the Rules of Appellate Procedure pursuant to Rule 2.
However, the Supreme Court in Stubbs expressly held that this Court had jurisdiction to grant a petition for writ of certiorari even though it did not fall within the scope of Rule 21(a)(1). The Supreme Court, in a unanimous opinion, identified the issue before it in Stubbs as follows: "In this case we are tasked with determining if the Court of Appeals has subject matter jurisdiction to review the State's appeal from a trial court's ruling on a motion for appropriate relief ('MAR') when the defendant has been granted relief in the trial court." Stubbs, 368 N.C. at 41, 770 S.E.2d at 75. The Court concluded: "We hold that it does." Id.
In reaching this holding, the Supreme Court first emphasized: "The jurisdiction of the Court of Appeals is established in the North Carolina Constitution: 'The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe.' N.C. Const. art. IV, § 12(2). Following such direction, the General Assembly has stated that the Court of Appeals 'has jurisdiction ... to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice.' N.C.G.S. § 7A-32(c) (2014)." Id. at 42, 770 S.E.2d at 75-76. The Court pointed out further that the General Assembly expressly provided in N.C. Gen.Stat. § 15A-1422(c)(3) (2013) that a trial court's ruling on an MAR is subject to review by writ of certiorari. Stubbs, 368 N.C. at 43, 770 S.E.2d at 76.
Based on the Constitution and the statutory provisions, the Court then concluded that this Court had jurisdiction to review the granting of an MAR pursuant to a writ of certiorari:
*496 Notably, subsection 15A-1422(c) does not distinguish between an MAR when the State prevails below and an MAR under which the defendant prevails. Accordingly, given that our state constitution authorizes the General Assembly to define the jurisdiction of the Court of Appeals, and given that the General Assembly has given that court broad powers "to supervise and control the proceedings of any of the trial courts of the General Court of Justice," id. § 7A-32(c), and given that the General *872 Assembly has placed no limiting language in subsection 15A-1422(c) regarding which party may appeal a ruling on an MAR, we hold that the Court of Appeals has jurisdiction to hear an appeal by the State of an MAR when the defendant has won relief from the trial court.
Id.
The Court then specifically addressed the impact of Rule 21 : "As noted by the parties and the Court of Appeals, the Rules of Appellate Procedure are also in play here." 368 N.C. at 43, 770 S.E.2d at 76. Rule 21(a)(1), at that time, only authorized review under N.C. Gen.Stat. § 15A-1422(c)(3) "of an order of the trial court denying a motion for appropriate relief." The defendant argued, based on Rule 21, that the Court of Appeals did not have jurisdiction to review, pursuant to a petition for writ of certiorari, an order granting an MAR.
The Supreme Court disagreed in language that cannot be reconciled with the majority opinion in this case. The Court first pointed out: "As stated plainly in Rule 1 of the Rules of Appellate Procedure, '[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law.' Id. at R. 1(c)." Stubbs, 368 N.C. at 43-44, 770 S.E.2d at 76 (emphasis added). The Court then held: "Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution." Id. at 44, 770 S.E.2d at 76.
In short, the Supreme Court held that while Rule 21 appears "to limit the jurisdiction of the Court of Appeals," Rule 21 cannot take away jurisdiction given to the Court of Appeals by the General Assembly. Id. In other words, if a statute grants the Court of Appeals authority to review an order pursuant to a writ of certiorari, then Rule 21 cannot limit that authority.
*497 The majority opinion, however, points to N.C. Gen.Stat. § 7A-32(c) (2013), which grants the Court of Appeals jurisdiction to issue writs of certiorari, but further provides: "The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law." The majority opinion then holds that Rule 21 may, as a matter of practice and procedure, limit the ability of the Court of Appeals to grant a petition for writ of certiorari to the three instances set out in Rule 21(a)(1). A review, however, of Rule 21 shows that the "practice and procedure" for petitions for writ of certiorari is set forth in Rule 21(b)-(f), setting out the requirements for filing, service, and content of petitions and responses.
The majority's reasoning regarding Rule 21(a)(1) is euphemistic. The majority opinion's holding limits the authority of this Court to grant a petition for writ of certiorari even in circumstances that the legislature, as authorized by the Constitution, has expressly granted this Court authority. This holding cannot be reconciled with Stubbs. Indeed, if the majority opinion's analysis were correct and Rule 21(a)(1) could, as a matter of practice and procedure, limit this Court's ability to grant a petition for writ of certiorari, then the Supreme Court would have held in Stubbs that the Court of Appeals did not have the authority to review the State's petition, because at the time the State filed its petition in the Court of Appeals, Rule 21 did not provide for granting a State's petition from an order granting an MAR.
While the majority opinion makes much of the fact that the Supreme Court amended Rule 21 effective on the date of the Supreme Court opinion, the majority overlooks the fact that the amendment was not made retroactive. Consequently, the relevant version of Rule 21 for purposes of understanding Stubbs' holding is the version in effect when the State filed its petition in the Court of Appeals-a version that, under the majority opinion's holding, precluded the Court of Appeals from granting the State's petition. Yet, the Supreme Court in Stubbs held that the Court of Appeals had authority to grant the petition.
The majority, however, argues further that the amendment of Rule 21 "would have been wholly unnecessary under the dissenting opinion's analysis." To the contrary, Stubbs addressed only the jurisdiction of the Court *873 of Appeals, which, under the State Constitution, is to be established by the General Assembly. The amendment to Rule 21 is still relevant to the Supreme Court. In order for the Supreme Court to have the ability to review petitions for writ of certiorari filed by the State seeking *498 review of an order granting an MAR, the Supreme Court was required to amend Rule 21.
In support of its holding, the majority opinion relies upon opinions of this Court asserting: "In considering [A]ppellate Rule 21 and N.C. Gen.Stat. § 15A-1444, this Court reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21." State v. Jones, 161 N.C.App. 60, 63, 588 S.E.2d 5, 8 (2003), rev'd in part on other grounds, 358 N.C. 473, 598 S.E.2d 125 (2004). The Supreme Court in Stubbs, however, establishes precisely the opposite rule. Because the State Constitution grants the General Assembly authority to decide the jurisdiction of the Court of Appeals, statutes granting authority to this Court prevail over Rule 21 when the rule conflicts with the statute. The decisions of this Court that are inconsistent with Stubbs can no longer be controlling authority and cannot support the majority opinion's holding.
The majority opinion also cites the Supreme Court decisions in State v. Bennett, 308 N.C. 530, 302 S.E.2d 786 (1983), and State v. Elam, 302 N.C. 157, 273 S.E.2d 661 (1981), for the proposition that "our Supreme Court has specifically stated where there is a conflict between the General Statutes and the Appellate Rules, the Appellate Rules control." Neither of those decisions addressed Rule 21 or this Court's jurisdiction to grant a petition for writ of certiorari. Instead, they each addressed the circumstances under which an issue has been preserved for appellate review. Bennett, 308 N.C. at 535, 302 S.E.2d at 790 ; Elam, 302 N.C. at 160-61, 273 S.E.2d at 664. Consequently, neither opinion supports the majority opinion given the more recent holding specifically addressing the Court of Appeals' jurisdiction in Stubbs.
I note in passing that even in the absence of Stubbs, I believe that the majority opinion violates In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). The majority dismisses this Court's decisions in State v. Rhodes, 163 N.C.App. 191, 592 S.E.2d 731 (2004), and State v. Demaio, 216 N.C.App. 558, 716 S.E.2d 863 (2011), even though those decisions applied the Supreme Court's decision in State v. Bolinger, 320 N.C. 596, 359 S.E.2d 459 (1987). The majority is not free to disregard decisions of this Court and the Supreme Court simply because it disagrees with them.
In sum, I believe that Stubbs establishes that defendant has a right to seek review by petition for writ of certiorari pursuant to *499 N.C. Gen.Stat. § 15A-1444(e). Because, further, I would grant the petition for writ of certiorari and review the merits of defendant's arguments, I must respectfully dissent.