NO. COA13-863

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

    v.                                    Montgomery County
                                        No. 11CRS051289
PAUL EDWARD SALE


Appeal by defendant from judgment entered 18 March 2013 by Judge L. Todd Burke in Montgomery County Superior Court. Heard in the Court of Appeals 10 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Christina S. Hayes, for the State.*
>
> *Richard Croutharmel for defendant-appellant.*


HUNTER, Robert C., Judge.


Paul Edward Sale ("defendant") appeals from judgment imposing 36 months of supervised probation after defendant entered an *Alford* plea to one count of obstructing justice. On appeal, defendant argues: (1) the trial court erred by failing to make findings of fact as to why a probationary period longer than 18 months was necessary; and (2) the trial court abused its discretion by imposing a probation condition limiting

defendant's employment opportunities that was overly broad and unduly burdensome.

After careful review, we remand for resentencing and dismiss defendant's argument regarding the special condition of probation.

**Background**

In January 2012, defendant was charged with one count of willful failure to discharge duties based on receiving a bribe and one count of obstructing justice. In exchange for the State's dismissal of the failure to discharge duties offense, defendant entered an *Alford* plea to one count of misdemeanor obstructing justice. The prosecutor introduced the following as the factual basis for the plea.

In September 2010, defendant was working as a police officer in the town of Candor, North Carolina. During this time, defendant conducted a traffic stop of Stephanie Gibson ("Gibson") resulting in criminal charges for possession of cocaine. After that date, Gibson agreed to have intercourse with defendant in exchange for his assurance that he would have the charges dismissed. Defendant and Gibson consummated this agreement on 6 December 2010. Thereafter, defendant failed to appear for any of Gibson's court dates, but the charge against

her was continued rather than dismissed. Gibson then contacted the State Bureau of Investigation, which launched an investigation and brought the underlying charges against defendant. Defendant was employed as a correctional officer at the Morrison Correctional Facility in Richmond County by the time this matter came before the trial court.

Based on defendant's *Alford* plea to one count of obstructing justice, the trial court sentenced defendant to thirty days imprisonment, but suspended this sentence for 36 months of supervised probation. The trial court further ordered that defendant: (1) pay court costs; (2) pay a fine of $1,000.00; (3) comply with the regular terms and conditions of probation; and (4) refrain from working in any law enforcement capacity during the probationary period. Defendant filed timely notice of appeal.

## Discussion

### I. Findings as to Length of Probation

Defendant's first argument is that the trial court erred by failing to enter specific findings as to why a probationary period longer than that mandated by statute for his misdemeanor offense was necessary. The State concedes that the trial court

erred and agrees with defendant that the case should be remanded. Accordingly, we remand for resentencing.

N.C. Gen. Stat. § 15A-1343.2(d)(1) (2013) provides that a defendant who is sentenced to community punishment for a misdemeanor shall be placed on probation for no less than 6 months and no more than 18 months, unless the trial court enters specific findings that longer or shorter periods of probation are necessary. This Court has remanded for resentencing where the trial court violated section 15A-1343.2(d)(1) by entering a period of probation longer than 18 months without making the necessary findings that the extension was necessary. *See State v. Love*, 156 N.C. App. 309, 317-18, 576 S.E.2d 709, 714 (2003) (remanding for either reduction of the defendant's probation to the statutory length or entry of specific findings as to why a longer period of probation was necessary); *see also State v. Branch*, 194 N.C. App. 173, 179, 669 S.E.2d 18, 22 (2008). Thus, pursuant to *Love* and *Branch*, we remand for entry of specific findings by the trial court indicating why a longer probationary period is necessary or reduction of defendant's probation to a length of time authorized by section 15A-1343.2(d)(1).

## II. Special Condition of Probation

Defendant next argues that the trial court abused its discretion by entering a special condition of probation that defendant may not be "employed in any type of law enforcement" while on probation. After careful review, we dismiss this argument because we are without authority to review it.

"The jurisdiction of the Court of Appeals is limited to that which 'the General Assembly may prescribe.'" *State v. Jones*, 161 N.C. App. 60, 61, 588 S.E.2d 5, 7 (2003) (quoting N.C. Const. art. IV, § 12(2)), *rev'd on other grounds*, 358 N.C. 473, 598 S.E.2d 125 (2004). "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002). "Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." *Id.* (citing *Abney v. United States*, 431 U.S. 651, 656, 52 L. Ed. 2d 651, 657 (1977)).

Defendant purports to have a right to appeal the trial court's imposition of a special condition of probation pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a2) (2013). However, neither statute confers a right to appeal here.

First, section 7A-27(b) explicitly excludes from its right of appeal those cases where a final judgment is entered based on

a guilty plea. *See* N.C. Gen. Stat. § 7A-27(b)(1) (2013); *State v. Mungo*, 213 N.C. App. 400, 401, 713 S.E.2d 542, 543 (2013) ("N.C. Gen. Stat. § 7A-27(b) does not provide a route for appeals from guilty pleas.") Because defendant entered an *Alford* plea, and "[a]n *Alford* plea is to be treated as a guilty plea and a sentence may be imposed accordingly," *State v. Alston*, 139 N.C. App. 787, 792, 534 S.E.2d 666, 669 (2000) (citation and quotation marks omitted), he does not have a right of appeal pursuant to section 7A-27.

Second, defendant's reliance on section 15A-1444(a2) is misplaced. This statute provides that:

> (a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
>
> > (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;
> >
> > (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
> >
> > (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23

> for the defendant's class of offense
> and prior record or conviction level.

N.C. Gen. Stat. § 15A-1444(a2) (2013). Defendant's challenge to the trial court's imposition of a special condition of probation does not fall under the provisions of this subsection. Rather than contesting the judgment on any ground enunciated in section 15A-1444(a2), defendant asserts that the trial court abused its discretion by entering a special condition of probation which unduly burdens his livelihood. Because this challenge to the court's judgment is not enunciated in section 15A-1444(a2), this statute does not confer a right to appeal.

Furthermore, we have no authority to issue a writ of certiorari to reach these issues in lieu of a statutory right to appeal. Although section 15A-1444(e) states that a defendant who pleads guilty to a criminal charge "may petition the appellate division for review by writ of certiorari" where he otherwise does not have a statutory right of appeal, this Court is restricted in its authority to issue a writ of certiorari by Rule 21 of the North Carolina Rules of Appellate Procedure. Under Rule 21(a)(1),

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when

> the right to prosecute an appeal has been
> lost by failure to take timely action, or
> when no right of appeal from an
> interlocutory order exists, or for review
> pursuant to N.C.G.S. § 15A-1422(c)(3) of an
> order of the trial court denying a motion
> for appropriate relief.

N.C. R. App. P. 21(a)(1) (2013). The relationship between section 15A-1444(e) and Rule 21 was specifically addressed by this Court in *Jones*.

> Where a defendant has no appeal of right,
> our statute provides for defendant to seek
> appellate review by a petition for writ of
> certiorari. N.C. Gen. Stat. § 15A-1444(e).
> However, our appellate rules limit our
> ability to grant petitions for writ of
> certiorari to cases where: (1) defendant
> lost his right to appeal by failing to take
> timely action; (2) the appeal is
> interlocutory; or (3) the trial court denied
> defendant's motion for appropriate relief.
> N.C. R. App. P. 21(a)(1) (2003). In
> considering appellate Rule 21 and N.C. Gen.
> Stat. § 15A-1444, this Court reasoned that
> since the appellate rules prevail over
> conflicting statutes, we are without
> authority to issue a writ of certiorari
> except as provided in Rule 21.

*Jones*, 161 N.C. App. at 63, 588 S.E.2d at 8 (citing *State v. Nance*, 155 N.C. App. 773, 775, 574 S.E.2d 692, 693-94 (2003); *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002)).

Here, none of the provisions of Rule 21(a)(1) have been triggered to confer authority on this Court to issue a writ of certiorari. First, defendant did not lose a right of appeal by

failing to take timely action because: (1) as discussed above, he has no right to appeal the special condition of probation, and (2) he otherwise filed and perfected his appeal of the statutory violation addressed in issue I above in a timely manner. Second, this appeal is from a final judgment made by the trial court and is therefore not interlocutory. Third, the appeal does not stem from a denial of a motion for appropriate relief.

Therefore, we are without authority to review, either by right or by certiorari, the trial court's imposition of a special condition of probation.[1]

**Conclusion**

Because the trial court violated section 15A-1343.2(d)(1) by failing to enter specific findings of fact as to why a longer probationary period than that prescribed by statute was necessary, we remand for resentencing. Defendant's argument as to the imposition of a special condition of probation is dismissed.

---

[1] We note that defendant filed this appeal before exhausting all of his potential remedies at the trial level. Had he filed a motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1415 (2013), the trial court may have altered the challenged condition of probation.

REMANDED; DISMISSED IN PART.

Judges MCGEE and ELMORE concur.