TYSON
 
 ,
 
 Judge
 
 .
 

 Mark Allan Biddix ("Defendant") appeals from judgment entered following his plea of guilty to manufacturing methamphetamine, two counts of conspiracy to manufacture methamphetamine, ten counts of possession of an immediate precursor chemical used to manufacture methamphetamine, and continuing a criminal enterprise. Defendant does not have a statutory right to appeal the issue he has raised. This issue is also not a proper subject for review under a petition for writ of certiorari. We deny his petition for writ of certiorari and dismiss the appeal.
 

 I. Background
 

 On 20 May 2014, Defendant appeared before the Catawba County Superior Court and pled guilty to manufacturing methamphetamine,
 
 *882
 
 two counts of conspiracy to manufacture methamphetamine, ten counts of possession of an immediate precursor chemical used to manufacture methamphetamine, and continuing a criminal enterprise. Defendant also admitted the existence of one statutory aggravating factor, that "defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." This aggravating factor was alleged on one of the three bills of indictment issued by the grand jury.
 

 At the plea hearing, the trial court conducted a colloquy with Defendant pursuant to N.C. Gen.Stat. § 15A-1022. During the colloquy, Defendant stated he was aware that he was pleading guilty to the fourteen charged felonies and admitting to the existence of the aggravating factor in exchange for a consolidated, active sentence. Defendant was informed that the mandatory and minimum punishment was an active sentence of 58 months, and the maximum punishment was 1,500 months in the Department of Correction. He was also informed that any sentence actually imposed rested within the discretion of the trial court. Defendant stated he understood the terms of the plea arrangement.
 

 The prosecutor recited the factual basis for the plea to the court. Defendant stipulated to the factual basis for entry and acceptance of the plea. Defendant and numerous other individuals manufactured methamphetamine inside a residence in the town of Long View, North Carolina. A search warrant was issued for the residence. Upon execution of the search, law enforcement discovered an operational methamphetamine lab. Chemicals used in the manufacturing of methamphetamine, such as pseudoephedrine and lithium, were found inside the residence. Defendant was responsible for the manufacturing of the drug. Following the State's recitation of the factual basis, defense counsel stated to the court:
 

 [Defendant] understands how dangerous it was. He understands the aggravating factors that have been presented. He understands the danger that he presented to others and himself and he's asking the Court to accept the active sentence on the Class C and to consider in mitigation that he cooperated when he was asked and that... his felony record is non-existent up until this point.
 

 Under the "Plea Arrangement" section on the Transcript of Plea form, the document states, "SEE ATTACHED PLEA ARRANGEMENT." A document entitled "Plea Arrangement" is attached to the Transcript of Plea. The document states:
 

 The defendant shall plead guilty to the charges listed in the "Pleas" section on the Transcript of Plea. The defendant stipulates that he is a prior record level III with 6 prior points for felony sentencing purposes. The State does not oppose a consolidated active sentence judgment which shall be in the discretion of the Court.
 

 In exchange for this plea
 
 and the State not seeking aggravating factors that may apply to this case,
 
 the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Article 91 of the Criminal Procedure Act, and to further waive any right to contest the conviction or sentence in any post-conviction proceeding under Articles 89 and 92 of the Criminal Procedure Act, excepting the defendant's right to appeal for (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender.
 

 This plea agreement shall be revocable by the State upon defendant's filing of an appeal and the defendant hereby expressly waives his statutory rights that may apply under 15A-1335. (Emphasis supplied)
 

 The "Plea Arrangement" document is dated 20 May 2014, the day of Defendant's plea hearing, and is signed by Defendant, defense counsel, and the assistant district attorney.
 

 *883
 
 At the plea hearing, the trial court did not address the language of the "Plea Arrangement" under which the State agreed to refrain from seeking aggravating factors that may apply to this case. The court determined defendant's plea was entered voluntarily. "Consistent with the arrangement and recommendation," the court consolidated Defendant's fourteen convictions into one Class C felony judgment. The court found the existence of one aggravating factor and one mitigating factor, as stipulated by Defendant. The court determined the factor in aggravation outweighed the factor in mitigation, and sentenced defendant within the aggravated range to a minimum of 100 and a maximum of 132 months in prison. No objection or question was raised before the trial court to challenge the sentence imposed. Defendant appeals.
 

 II. Issues
 

 Defendant argues the trial court erred by accepting his guilty plea as a product of his informed choice, where the terms of Defendant's written plea agreement are contradictory.
 

 III. Right of Appeal
 

 The State has filed a motion to dismiss Defendant's appeal, and argues two separate grounds in support of dismissal: (1) Defendant has no statutory right to appeal from his guilty plea; and, (2) Defendant failed to give timely notice of appeal. We agree that Defendant does not have a statutory right to appeal from the conviction entered upon his guilty plea.
 

 Absent statutory authority, a defendant does not have a right to appeal from judgment entered upon his conviction.
 
 State v. Pimental,
 

 153 N.C. App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869,
 
 disc. review denied,
 

 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002). A criminal defendant's right to appeal in a criminal proceeding is entirely a creation of state statute.
 

 Id.
 

 The North Carolina General Statutes must specifically set forth the right for a criminal defendant to appeal.
 

 Id.
 

 A. N.C. Gen.Stat. § 15A-1444
 

 N.C. Gen.Stat. § 15A-1444 governs a defendant's right to appeal from judgment entered upon a guilty plea. A defendant who has entered a plea of guilty or no contest in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed: (1) results from an incorrect finding of his prior record level; (2) contains a type of sentence disposition that is not statutorily authorized for his class of offense and prior record level; or (3) contains a term of imprisonment that is not statutorily authorized for his class of offense and prior record level. N.C. Gen.Stat. § 15A-1444(a2) (2013). The statute further provides:
 

 (e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979 [pertaining to appeals from motions to suppress], and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari....
 

 N.C. Gen.Stat. § 15A-1444(e) (2013).
 

 The issue Defendant has raised on appeal pertaining to the voluntariness of his guilty plea is not listed as a ground for appeal in N.C. Gen.Stat. § 15A-1444. Defendant has cited subsection (e) and petitioned this Court to issue the writ of certiorari to review the merits of his appeal. Defendant's petition for writ of certiorari was filed contemporaneously with his brief.
 

 B. Appellate Rule 21
 

 Rule 21 of the North Carolina Rules of Appellate Procedure provides:
 

 The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of
 
 *884
 
 the trial court denying a motion for appropriate relief.
 

 N.C. R.App. P. 21(a)(1) (2013).
 

 N.C. Gen Stat. § 15A-1444(e) states a defendant who enters a guilty plea may seek appellate review through a petition for writ of certiorari. However, Appellate Rule 21 only permits our Court to issue the writ of certiorari upon a showing that one of the three circumstances set forth in the Rule exists.
 

 The relationship between Appellate Rule 21 and N.C. Gen.Stat. § 15A-1444 has been addressed by our Court on many occasions.
 

 Where a defendant has no appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen.Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to cases where: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) the trial court denied defendant's motion for appropriate relief. N.C. R.App. P. 21(a)(1) (2003). In considering appellate Rule 21 and N.C. Gen.Stat. § 15A-1444, this Court reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.
 

 State v. Jones,
 

 161 N.C. App. 60
 
 , 63,
 
 588 S.E.2d 5
 
 , 8 (2003) (citations omitted);
 
 see also State v. Nance,
 

 155 N.C. App. 773
 
 , 775,
 
 574 S.E.2d 692
 
 , 693-94 (2003) (defendant does not have a right to appeal the issue presented here under G.S. § 15A-1444(a)(a1) or (a)(a2), and this Court is without authority under N.C. R.App. P. 21(a)(1) to issue a writ of certiorari);
 
 State v. Jamerson,
 

 161 N.C. App. 527
 
 , 529,
 
 588 S.E.2d 545
 
 , 547 (2003) (where defendant entered a guilty plea, this Court is "without authority to review either by right or by certiorari the trial court's denial of defendant's motion to dismiss the habitual felon indictment or defendant's assertion the judgment violates his constitutional rights");
 
 State v. Dickson,
 

 151 N.C. App. 136
 
 , 138,
 
 564 S.E.2d 640
 
 , 641 (2002) (this Court is without authority to issue writ of certiorari where the defendant had no statutory right to appeal from his guilty plea, and had not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review pursuant to N.C. Gen.Stat. § 15A-1422(c)(3));
 
 accord State v. Sale,
 
 ___ N.C.App. ___, ___,
 
 754 S.E.2d 474
 
 , 477-78 (2014);
 
 State v. Mungo,
 

 213 N.C. App. 400
 
 , 404,
 
 713 S.E.2d 542
 
 , 545 (2011);
 
 State v. Smith,
 

 193 N.C. App. 739
 
 , 742,
 
 668 S.E.2d 612
 
 , 614 (2008);
 
 State v. Hadden,
 

 175 N.C. App. 492
 
 , 497,
 
 624 S.E.2d 417
 
 , 420, cert. denied,
 
 360 N.C. 486
 
 ,
 
 631 S.E.2d 141
 
 (2006).
 

 Defendant cites cases in which panels of our Court have elected to issue the writ of certiorari to review issues pertaining to entry of the defendant's guilty plea, even though the defendant had no statutory right to appeal under N.C. Gen.Stat. § 15A-1444.
 
 See, e.g., State v. Rhodes,
 

 163 N.C. App. 191
 
 ,
 
 592 S.E.2d 731
 
 (2004) (holding this Court could issue the writ of certiorari to review the defendant's challenge to the trial court's procedures employed in accepting his guilty plea);
 
 State v. Demaio,
 

 216 N.C. App. 558
 
 , 563-64,
 
 716 S.E.2d 863
 
 , 866-67 (2011) (holding this Court could issue the writ of certiorari to review the defendant's argument that his plea was not the product of informed choice);
 
 see also State v. Blount,
 

 209 N.C. App. 340
 
 , 345,
 
 703 S.E.2d 921
 
 , 925 (2011);
 
 State v. Keller,
 

 198 N.C. App. 639
 
 , 641,
 
 680 S.E.2d 212
 
 , 213 (2009);
 
 State v. Carriker,
 

 180 N.C. App. 470
 
 , 471,
 
 637 S.E.2d 557
 
 , 558 (2006);
 
 State v. Carter,
 

 167 N.C. App. 582
 
 , 585,
 
 605 S.E.2d 676
 
 , 678 (2004).
 

 In
 
 State v. Bolinger,
 
 the defendant contended the trial judge violated N.C. Gen.Stat. § 15A-1022 by accepting his guilty plea.
 
 320 N.C. 596
 
 , 601,
 
 359 S.E.2d 459
 
 , 462 (1987). Our Supreme Court held that "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea."
 

 Id.
 

 at 601
 
 ,
 
 359 S.E.2d at 462
 
 . The Court further held that "[d]efendant may obtain appellate
 
 *885
 
 review of this issue only upon grant of a writ of certiorari."
 

 Id.
 

 Defendant failed to petition the Court for a writ of certiorari, and the Court nonetheless elected to review the merits of the defendant's argument.
 

 Id.
 

 In
 
 Bolinger,
 
 our Supreme Court did not cite nor address Appellate Rule 21. The Court stated: "Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon pleas of guilty. For this reason we nevertheless choose to review the merits of defendant's contention."
 

 Id.
 

 In cases which precede
 
 Bolinger,
 
 our Supreme Court has specifically stated where there is a conflict between the General Statutes and the Appellate Rules, the Appellate Rules control.
 
 State v. Bennett,
 

 308 N.C. 530
 
 , 535,
 
 302 S.E.2d 786
 
 , 790 (1983);
 
 State v. Elam,
 

 302 N.C. 157
 
 , 160-61,
 
 273 S.E.2d 661
 
 , 664 (1981).
 

 Numerous panels of this Court have addressed the issue of whether Rule 21 controls the conflicting provisions contained in N.C. Gen.Stat. § 15A-1444. In cases which predate both
 
 Rhodes
 
 and
 
 Demaio,
 
 this Court has held it does not have the authority to issue the writ of certiorari unless the defendant has failed to take timely action, is attempting to appeal from an interlocutory order, or is seeking review of an order of the trial court denying a motion for appropriate relief.
 
 Dickson,
 

 151 N.C.App. at 138
 
 ,
 
 564 S.E.2d at 641
 
 ;
 
 Pimental,
 

 153 N.C.App. at 76-77
 
 ,
 
 568 S.E.2d at 872
 
 ;
 
 Jamerson,
 

 161 N.C.App. at 529
 
 , 588 S.E.2d at 547.
 

 We are bound by the decisions of our Supreme Court and by prior decisions of another panel of our Court addressing the same question, unless overturned by an intervening decision from a higher court.
 
 In re Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989). Where apparent inconsistency exists between precedents of this Court, the oldest controlling case prevails.
 
 State v. Harris,
 
 ___ N.C.App. ___,
 
 776 S.E.2d 554
 
 (2015).
 

 IV. Conclusion
 

 Defendant does not raise any of the issues set forth in N.C. Gen.Stat. § 15A-1444(a2), and does not have a statutory right to appeal from the judgment entered upon his guilty plea. The provisions of Rule 21 of the Rules of Appellate Procedure, which provide the appropriate circumstances for this Court's issuance of the writ of certiorari, prevail over § 15A-1444(e).
 
 Bennett,
 

 308 N.C. at 535
 
 ,
 
 302 S.E.2d at 790
 
 ;
 
 Elam,
 

 302 N.C. at 160-61
 
 ,
 
 273 S.E.2d at 664
 
 ;
 
 Sale,
 
 ___ N.C.App. at ___,
 
 754 S.E.2d at 477-78
 
 .
 

 Under Appellate Rule 21, the issue Defendant has raised is not appropriate for the issuance of the writ of certiorari. We deny Defendant's petition for writ of certiorari. We are without authority to review, either by right or by certiorari, the trial court's judgment entered upon Defendant's plea of guilty. Defendant's appeal is dismissed.
 

 DISMISSED.
 

 Judge BRYANT concurs.
 

 Judge GEER concurs in a separate opinion.
 

 GEER
 
 ,
 
 Judge
 
 , concurring in the result only.
 

 I agree with the majority opinion that defendant has no right to appeal, and I do not believe that this Court should, in this case, grant review by writ of certiorari. I cannot, however, agree with the majority's attempt to effectively overrule decisions of prior panels of this Court and a decision of the North Carolina Supreme Court. The majority asserts that
 
 State v. Rhodes,
 

 163 N.C. App. 191
 
 ,
 
 592 S.E.2d 731
 
 (2004), and
 
 State v. Demaio,
 

 216 N.C. App. 558
 
 ,
 
 716 S.E.2d 863
 
 (2011), are not controlling authority because they conflict with "decisions of our Supreme Court and by prior decisions of another panel of our Court addressing the same question[.]"
 

 In fact,
 
 Rhodes
 
 was squarely based on a Supreme Court holding that review pursuant to grant of a writ of certiorari was permissible when the trial court did not follow required procedures in accepting a guilty plea:
 

 In [
 
 State v.
 
 ]
 
 Bolinger,
 
 [
 
 320 N.C. 596
 
 ,
 
 359 S.E.2d 459
 
 (1987) ], the defendant contended
 
 *886
 
 that the trial judge violated N.C. Gen. Stat. § 15A-1022 (2003) in accepting his guilty plea. Our Supreme Court recognized that a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A1444 (2003), specifying the grounds giving rise to an appeal as of right.
 
 320 N.C. at 601
 
 ,
 
 359 S.E.2d at 462
 
 . Accordingly, the Court held that "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea."
 

 Id.
 

 The Court further held that "[d]efendant may obtain appellate review of this issue only upon grant of a writ of certiorari."
 

 Id.
 

 Although the defendant had failed to petition the Court for a writ of certiorari, the Court nonetheless elected to review the merits of the defendant's contentions.
 

 Id.
 

 at 602
 
 ,
 
 359 S.E.2d at 462
 
 .
 

 Under
 
 Bolinger,
 
 defendant in this case is not entitled to appeal from his guilty plea as a matter of right, but his arguments may be reviewed pursuant to a petition for writ of certiorari.
 

 163 N.C.App. at 193
 
 ,
 
 592 S.E.2d at 732
 
 .
 

 This Court emphasized: "Although not argued by the State, we note that if defendant were not challenging the procedures employed in accepting a guilty plea, the decisions in
 
 State v. Dickson,
 

 151 N.C. App. 136
 
 , 137-38,
 
 564 S.E.2d 640
 
 , 640-41 (2002) and
 
 State v. Pimental,
 

 153 N.C. App. 69
 
 , 76-77,
 
 568 S.E.2d 867
 
 , 872,
 
 disc. review denied,
 

 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002) would apply."
 

 Id.
 

 In short, this Court in
 
 Rhodes
 
 recognized that it was bound by the Supreme Court's decision in
 
 Bolinger
 
 and this Court's opinions in
 
 Dickson
 
 and
 
 Pimental
 
 to the extent that the latter two opinions did not conflict with
 
 Bolinger. Rhodes
 
 has since been cited repeatedly by this Court as controlling authority in cases challenging guilty plea procedures.
 
 See, e.g., State v. Blount,
 

 209 N.C. App. 340
 
 , 345,
 
 703 S.E.2d 921
 
 , 925 (2011);
 
 State v. Keller,
 

 198 N.C. App. 639
 
 , 641,
 
 680 S.E.2d 212
 
 , 213 (2009);
 
 State v. Carriker,
 

 180 N.C. App. 470
 
 , 471,
 
 637 S.E.2d 557
 
 , 558 (2006);
 
 State v. Carter,
 

 167 N.C. App. 582
 
 , 585,
 
 605 S.E.2d 676
 
 , 678 (2004). The majority is bound by
 
 Bolinger, Rhodes,
 
 and the opinions of other panels of this Court following
 
 Bolinger
 
 and
 
 Rhodes.
 
 Since, however, I do not believe that defendant has made an adequate showing under
 
 Bolinger
 
 and
 
 Rhodes
 
 to warrant review by certiorari, I respectfully concur in the result.