IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-166

 No. COA21-275

 Filed 15 March 2022

 Cumberland County, No. 20 CRS 052425

 STATE OF NORTH CAROLINA

 v.

 DARIUS DEANDRE PORTER, Defendant.

 Appeal by Defendant from judgment entered 28 January 2021 by Judge Gale

 M. Adams in Cumberland County Superior Court. Heard in the Court of Appeals 30

 November 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Carolyn
 McLain, for the State.

 Richard Croutharmel for defendant-appellant.

 MURPHY, Judge.

¶1 Defendant Darius Deandre Porter appeals from a judgment entered upon his

 Alford plea to communicating threats and assault on a female. Defendant argues,

 and the State concedes, that the trial court erred by sentencing Defendant to 24

 months of supervised probation without making a specific finding that a probationary

 period longer than 18 months was necessary. We agree and remand for resentencing.

 BACKGROUND

¶2 On 28 January 2021, Defendant was charged with habitual misdemeanor
 STATE V. PORTER

 2022-NCCOA-166

 Opinion of the Court

 assault, communicating threats, resisting a public officer, two counts of assault

 inflicting serious injury in the presence of a minor, contributing to the delinquency of

 a minor, and assault on a female. Defendant entered an Alford plea on the

 misdemeanor charges of communicating threats and assault on a female in exchange

 for the State’s dismissal of the remaining charges.

¶3 Pursuant to Defendant’s Alford plea, the trial court gave Defendant a

 suspended sentence of 150 days and placed him on 24 months of supervised probation.

 The trial court, however, made no specific findings regarding the probationary period

 exceeding 18 months. On 8 February 2021, Defendant timely filed a notice of appeal.

 ANALYSIS

¶4 Defendant argues the trial court committed reversible error by sentencing him

 to 24 months of supervised probation without making a specific finding that a

 probationary period of longer than 18 months was necessary in violation of N.C.G.S.

 § 15A-1343.2(d)(1).1 The State concedes that “the trial court erred when it failed to

 correctly mark the check box on the sentencing form” to indicate that the trial court

 1 Although Defendant did not object to the sentence at trial, we nonetheless have

 appellate jurisdiction as this issue is preserved for appeal as a matter of law. N.C.G.S. § 15A-
 1446(d)(18) (2021) (permitting appellate review of whether a “sentence imposed was
 unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally
 imposed, or is otherwise invalid as a matter of law” regardless of whether the defendant
 objected to the sentence at trial); see also State v. Love, 156 N.C. App. 309, 318, 576 S.E.2d
 709, 714 (2003) (quoting State v. Hucks, 323 N.C. 574, 579, 374 S.E.2d 240, 244 (1988))
 (“When a trial court acts contrary to a statutory mandate, the error ordinarily is not waived
 by the defendant’s failure to object at trial.”).
 STATE V. PORTER

 2022-NCCOA-166

 Opinion of the Court

 found a longer period of probation than that specified in N.C.G.S. § 15A-1343.2(d)(1)

 was necessary. We agree and remand for resentencing.

¶5 “Alleged statutory errors are questions of law” reviewed de novo on appeal.

 State v. Mackey, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721, disc. rev. denied, 365

 N.C. 193, 707 S.E.2d 246 (2011). The statutory provision at issue here, N.C.G.S. §

 15A-1343.2(d)(1), provides that,

 [u]nless the [trial] court makes specific findings that longer
 or shorter periods of probation are necessary, the length of
 the original period of probation for offenders sentenced
 under Article 81B shall be as follows: (1) [f]or
 misdemeanants sentenced to community punishment,[2]
 not less than six nor more than 18 months.

 N.C.G.S. § 15A-1343.2(d)(1) (2021). Stated another way, “[N.C.G.S.] § 15A-

 1343.2(d)(1) . . . provides that a defendant who is sentenced to community

 punishment for a misdemeanor shall be placed on probation for no less than 6 months

 and no more than 18 months, unless the trial court enters specific findings that longer

 or shorter periods of probation are necessary.” State v. Sale, 232 N.C. App. 662, 664,

 754 S.E.2d 474, 476 (2014).

¶6 The Record reveals the trial court did not make specific findings that a

 probationary period longer than 18 months was necessary as required by N.C.G.S. §

 2 When Defendant was sentenced to 24 months of supervised probation, Defendant

 was sentenced to community punishment. See generally N.C.G.S. § 15A-1340.11(2) (2021).
 STATE V. PORTER

 2022-NCCOA-166

 Opinion of the Court

 15A-1343.2(d)(1). This omission constitutes error. See id. at 664, 754 S.E.2d at 476

 (remanding for the trial court to reduce the defendant’s probationary period to a term

 within the statutorily mandated range or enter specific findings as to why a longer

 period of probation was necessary); accord State v. Branch, 194 N.C. App. 173, 179,

 669 S.E.2d 18, 22 (2008); State v. Mucci, 163 N.C. App. 615, 625, 594 S.E.2d 411, 418

 (2004); Love, 156 N.C. App. at 318, 576 S.E.2d at 714. We vacate the judgment below

 and remand for the reduction of Defendant’s probation to a length of time authorized

 by N.C.G.S. § 15A-1343.2(d)(1) or entry of specific findings as to why a longer period

 of probation was necessary.

 CONCLUSION

¶7 The trial court erred by sentencing Defendant to a probationary period longer

 than that prescribed by N.C.G.S. § 15A-1343.2(d)(1) without making specific findings

 that the length of the probationary period was necessary. Accordingly, we vacate the

 judgment below and remand for resentencing.

 VACATED AND REMANDED FOR RESENTENCING.

 Judges DIETZ and WOOD concur.