IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-166

No. COA21-275

Filed 15 March 2022

Cumberland County, No. 20 CRS 052425

STATE OF NORTH CAROLINA

v.

DARIUS DEANDRE PORTER, Defendant.

Appeal by Defendant from judgment entered 28 January 2021 by Judge Gale M. Adams in Cumberland County Superior Court. Heard in the Court of Appeals 30 November 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Carolyn McLain, for the State.*

*Richard Croutharmel for defendant-appellant.*

MURPHY, Judge.

¶ 1 Defendant Darius Deandre Porter appeals from a judgment entered upon his *Alford* plea to communicating threats and assault on a female. Defendant argues, and the State concedes, that the trial court erred by sentencing Defendant to 24 months of supervised probation without making a specific finding that a probationary period longer than 18 months was necessary. We agree and remand for resentencing.

## BACKGROUND

¶ 2 On 28 January 2021, Defendant was charged with habitual misdemeanor

assault, communicating threats, resisting a public officer, two counts of assault inflicting serious injury in the presence of a minor, contributing to the delinquency of a minor, and assault on a female. Defendant entered an *Alford* plea on the misdemeanor charges of communicating threats and assault on a female in exchange for the State's dismissal of the remaining charges.

¶ 3    Pursuant to Defendant's *Alford* plea, the trial court gave Defendant a suspended sentence of 150 days and placed him on 24 months of supervised probation. The trial court, however, made no specific findings regarding the probationary period exceeding 18 months. On 8 February 2021, Defendant timely filed a notice of appeal.

## ANALYSIS

¶ 4    Defendant argues the trial court committed reversible error by sentencing him to 24 months of supervised probation without making a specific finding that a probationary period of longer than 18 months was necessary in violation of N.C.G.S. § 15A-1343.2(d)(1).[1] The State concedes that "the trial court erred when it failed to correctly mark the check box on the sentencing form" to indicate that the trial court

---

[1] Although Defendant did not object to the sentence at trial, we nonetheless have appellate jurisdiction as this issue is preserved for appeal as a matter of law. N.C.G.S. § 15A-1446(d)(18) (2021) (permitting appellate review of whether a "sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law" regardless of whether the defendant objected to the sentence at trial); *see also State v. Love*, 156 N.C. App. 309, 318, 576 S.E.2d 709, 714 (2003) (quoting *State v. Hucks*, 323 N.C. 574, 579, 374 S.E.2d 240, 244 (1988)) ("When a trial court acts contrary to a statutory mandate, the error ordinarily is not waived by the defendant's failure to object at trial.").

found a longer period of probation than that specified in N.C.G.S. § 15A-1343.2(d)(1) was necessary. We agree and remand for resentencing.

¶ 5 "Alleged statutory errors are questions of law" reviewed de novo on appeal. *State v. Mackey*, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721, *disc. rev. denied*, 365 N.C. 193, 707 S.E.2d 246 (2011). The statutory provision at issue here, N.C.G.S. § 15A-1343.2(d)(1), provides that,

> [u]nless the [trial] court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation for offenders sentenced under Article 81B shall be as follows: (1) [f]or misdemeanants sentenced to community punishment,[2] not less than six nor more than 18 months.

N.C.G.S. § 15A-1343.2(d)(1) (2021). Stated another way, "[N.C.G.S.] § 15A-1343.2(d)(1) . . . provides that a defendant who is sentenced to community punishment for a misdemeanor shall be placed on probation for no less than 6 months and no more than 18 months, unless the trial court enters specific findings that longer or shorter periods of probation are necessary." *State v. Sale*, 232 N.C. App. 662, 664, 754 S.E.2d 474, 476 (2014).

¶ 6 The Record reveals the trial court did not make specific findings that a probationary period longer than 18 months was necessary as required by N.C.G.S. §

---

[2] When Defendant was sentenced to 24 months of supervised probation, Defendant was sentenced to community punishment. *See generally* N.C.G.S. § 15A-1340.11(2) (2021).

15A-1343.2(d)(1).  This omission constitutes error.  *See id.* at 664, 754 S.E.2d at 476 (remanding for the trial court to reduce the defendant's probationary period to a term within the statutorily mandated range or enter specific findings as to why a longer period of probation was necessary); *accord State v. Branch*, 194 N.C. App. 173, 179, 669 S.E.2d 18, 22 (2008); *State v. Mucci*, 163 N.C. App. 615, 625, 594 S.E.2d 411, 418 (2004); *Love*, 156 N.C. App. at 318, 576 S.E.2d at 714.  We vacate the judgment below and remand for the reduction of Defendant's probation to a length of time authorized by N.C.G.S. § 15A-1343.2(d)(1) or entry of specific findings as to why a longer period of probation was necessary.

## **CONCLUSION**

¶ 7        The trial court erred by sentencing Defendant to a probationary period longer than that prescribed by N.C.G.S. § 15A-1343.2(d)(1) without making specific findings that the length of the probationary period was necessary.  Accordingly, we vacate the judgment below and remand for resentencing.

VACATED AND REMANDED FOR RESENTENCING.

Judges DIETZ and WOOD concur.