IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA 15-161

 Filed: 15 December 2015

Catawba County, No. 13 CRS 2878-79; 50847

STATE OF NORTH CAROLINA

 v.

MARK ALLAN BIDDIX

 Appeal by defendant from judgment entered 20 May 2014 by Judge Eric L.

Levinson in Catawba County Superior Court. Heard in the Court of Appeals 25

August 2015. Court of Appeals’ initial opinion filed 6 October 2015 and withdrawn

23 October 2015.

 Attorney General Roy Cooper, by Assistant Attorney General Kimberly N.
 Callahan, for the State.

 Tarlton Law PLLC, by Raymond C. Tarlton, for defendant-appellant.

 TYSON, Judge.

 Mark Allan Biddix (“Defendant”) appeals from judgment entered following his

plea of guilty to manufacturing methamphetamine, two counts of conspiracy to

manufacture methamphetamine, ten counts of possession of an immediate precursor

chemical used to manufacture methamphetamine, and continuing a criminal

enterprise. Defendant does not have a statutory right to appeal the issue he has

raised. This issue Defendant presents is also not listed as eligible for review to issue
 STATE V. BIDDIX

 Opinion of the Court

a writ of certiorari pursuant to Appellate Rule 21. In our discretion, we decline to

invoke Appellate Rule 2 to suspend the requirements of Rule 21. We deny

Defendant’s petition for writ of certiorari, and dismiss the appeal.

 I. Background

 On 20 May 2014, Defendant appeared before the Catawba County Superior

Court and entered pleas of guilty to manufacturing methamphetamine, two counts of

conspiracy to manufacture methamphetamine, ten counts of possession of an

immediate precursor chemical used to manufacture methamphetamine, and

continuing a criminal enterprise. Defendant also admitted to the existence of one

statutory aggravating factor, that “defendant knowingly created a great risk of death

to more than one person by means of a weapon or device which would normally be

hazardous to the lives of more than one person.” This aggravating factor was alleged

in one of the three bills of indictment issued by the grand jury.

 At the plea hearing, the trial court conducted a colloquy with Defendant

pursuant to N.C. Gen. Stat. § 15A-1022. During the colloquy, Defendant stated he

was aware that he was pleading guilty to the fourteen charged felonies and admitting

to the existence of the aggravating factor in exchange for a consolidated, active

sentence. Defendant was informed that the mandatory and minimum punishments

were an active sentence of 58 months and the maximum punishment was 1,500

months in the Department of Correction. He was also informed that any sentence

 -2-
 STATE V. BIDDIX

 Opinion of the Court

actually imposed rested within the discretion of the trial court. Defendant stated in

open court that he understood the terms of the plea arrangement.

 The prosecutor recited the factual basis for the plea. Defendant stipulated to

the factual basis for entry and acceptance of the plea. Defendant and numerous other

individuals manufactured methamphetamine inside a residence in the town of Long

View, North Carolina. A search warrant was issued for the residence. Upon

execution of the search, law enforcement discovered an operational

methamphetamine lab. Chemicals used in the manufacturing of methamphetamine,

such as pseudoephedrine and lithium, were found inside the residence. Defendant

was responsible for the manufacturing of the drug. Following the State’s recitation

of the factual basis, defense counsel stated to the court:

 [Defendant] understands how dangerous it was. He
 understands the aggravating factors that have been
 presented. He understands the danger that he presented
 to others and himself and he’s asking the Court to accept
 the active sentence on the Class C and to consider in
 mitigation that he cooperated when he was asked and that
 . . . his felony record is non-existent up until this point.

 Under the “Plea Arrangement” section on the Transcript of Plea form, the

document states, “SEE ATTACHED PLEA ARRANGEMENT.” A document entitled

“Plea Arrangement” attached to the Transcript of Plea states:

 The defendant shall plead guilty to the charges listed in the
 “Pleas” section on the Transcript of Plea. The defendant
 stipulates that he is a prior record level III with 6 prior
 points for felony sentencing purposes. The State does not

 -3-
 STATE V. BIDDIX

 Opinion of the Court

 oppose a consolidated active sentence judgment which
 shall be in the discretion of the Court.

 In exchange for this plea and the State not seeking
 aggravating factors that may apply to this case, the
 defendant expressly waives the right to appeal the
 conviction and whatever sentence is imposed on any
 ground, including any appeal right conferred by Article 91
 of the Criminal Procedure Act, and to further waive any
 right to contest the conviction or sentence in any post-
 conviction proceeding under Articles 89 and 92 of the
 Criminal Procedure Act, excepting the defendant’s right to
 appeal for (1) ineffective assistance of counsel, (2)
 prosecutorial misconduct, (3) a sentence in excess of the
 statutory maximum, and (4) a sentence based on an
 unconstitutional factor, such as race, religion, national
 origin, or gender.

 This plea agreement shall be revocable by the State upon
 defendant’s filing of an appeal and the defendant hereby
 expressly waives his statutory rights that may apply under
 15A-1335.

(emphasis supplied).

 The “Plea Arrangement” document is dated 20 May 2014, the day of

Defendant’s plea hearing, and is signed by Defendant, defense counsel, and the

assistant district attorney. At sentencing, the trial court did not address the language

of the “Plea Arrangement” under which the State agreed to refrain from seeking

aggravating factors, which may apply to this case. The court determined defendant’s

plea was entered voluntarily. “Consistent with the arrangement and

recommendation,” the court consolidated Defendant’s fourteen convictions into one

Class C felony judgment.

 -4-
 STATE V. BIDDIX

 Opinion of the Court

 The court found the existence of one aggravating factor as stipulated by

Defendant, and one mitigating factor. The court determined the factor in aggravation

outweighed the factor in mitigation, and sentenced defendant within the aggravated

range to a minimum of 100 and a maximum of 132 months in prison. No objection or

question was raised before the trial court to challenge the sentence imposed.

Defendant appeals.

 II. Issues

 Defendant argues the trial court erred by accepting his guilty plea as a product

of his informed choice, where the terms of Defendant’s written plea agreement are

contradictory.

 III. Right of Appeal

 The State has filed a motion to dismiss Defendant’s appeal, and argues two

separate grounds in support of dismissal: (1) Defendant has no statutory right to

appeal from his guilty plea; and, (2) Defendant failed to give timely notice of appeal.

We agree that Defendant does not have a statutory right to appeal from the conviction

entered upon his guilty plea.

 Absent statutory authority, a defendant does not have any right to appeal from

judgment entered upon his conviction. State v. Pimental, 153 N.C. App. 69, 72, 568

S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002). A

defendant’s right to appeal in a criminal proceeding is entirely a creation of state

 -5-
 STATE V. BIDDIX

 Opinion of the Court

statute. Id. The North Carolina General Statutes must specifically set forth the right

for a criminal defendant to appeal. Id.

 A. N.C. Gen. Stat. § 15A-1444

 N.C. Gen. Stat. § 15A-1444 governs a defendant’s right to appeal from

judgment entered upon a plea of guilty. A defendant, who has entered a plea of guilty

or no contest in superior court, is entitled to appeal as a matter of right the issue of

whether the sentence imposed: (1) results from an incorrect finding of his prior record

level; (2) contains a type of sentence disposition that is not statutorily authorized for

his class of offense and prior record level; or (3) contains a term of imprisonment that

is not statutorily authorized for his class of offense and prior record level. N.C. Gen.

Stat. § 15A-1444(a2) (2013). The statute further provides:

 (e) Except as provided in subsections (a1) and (a2) of this
 section and G.S. 15A-979 [pertaining to appeals from
 motions to suppress], and except when a motion to
 withdraw a plea of guilty or no contest has been denied, the
 defendant is not entitled to appellate review as a matter of
 right when he has entered a plea of guilty or no contest to
 a criminal charge in the superior court, but he may petition
 the appellate division for review by writ of certiorari. . . .

N.C. Gen. Stat. § 15A-1444(e) (2013).

 The issue Defendant has raised on appeal pertains to the voluntariness of his

guilty plea and is not listed as a ground for a statutory appeal under N.C. Gen. Stat.

§ 15A-1444. Defendant petitioned this Court to issue the writ of certiorari to review

the merits of his appeal and has cited subsection (e) of the statute. Defendant’s

 -6-
 STATE V. BIDDIX

 Opinion of the Court

petition for writ of certiorari was filed contemporaneously with his brief. Whether to

allow a petition and issue the writ of certiorari is not a matter of right and rests

within the discretion of this Court. N.C. R. App. P. 21(a)(1).

 B. Appellate Rule 21

 Although N.C. Gen. Stat. § 15A-1444(e) states a defendant who enters a guilty

plea may seek appellate review by certiorari, Appellate Rule 21(a)(1) is entitled

“Certiorari,” and provides the procedural basis to grant petitions for writ of certiorari

under the following situations: (1) “when the right to prosecute an appeal has been

lost by failure to take timely action;” (2) “when no right of appeal from an

interlocutory order exists;” or (3) to “review pursuant to [N.C. Gen. Stat.] § 15A-

1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.” N.C.

R. App. P. 21(a)(1) (2015). Defendant’s petition under N.C. Gen. Stat. § 15A-1444(e)

does not invoke any of the three grounds set out in Appellate Rule 21(a)(1).

 The relationship between Appellate Rule 21 and N.C. Gen. Stat. §15A-1444

has been addressed by many prior precedents.

 Where a defendant has no appeal of right, our statute
 provides for defendant to seek appellate review by a
 petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e).
 However, our appellate rules limit our ability to grant
 petitions for writ of certiorari to cases where: (1) defendant
 lost his right to appeal by failing to take timely action; (2)
 the appeal is interlocutory; or (3) the trial court denied
 defendant’s motion for appropriate relief. N.C. R. App. P.
 21(a)(1) (2003). In considering appellate Rule 21 and N.C.
 Gen. Stat. § 15A-1444, this Court reasoned that since the

 -7-
 STATE V. BIDDIX

 Opinion of the Court

 appellate rules prevail over conflicting statutes, we are
 without authority to issue a writ of certiorari except as
 provided in Rule 21.

State v. Jones, 161 N.C. App. 60, 63, 588 S.E.2d 5, 8 (2003) (citations omitted); see

also State v. Nance, 155 N.C. App. 773, 775, 574 S.E.2d 692, 693-94 (2003) (citations

omitted) (“[D]efendant does not have a right to appeal the issue presented here under

G.S. § 15A-1444(a)(a1) or (a)(a2), and this Court is without authority under N.C. R.

App. P. 21(a)(1) to issue a writ of certiorari.”); State v. Jamerson, 161 N.C. App. 527,

529, 588 S.E.2d 545, 547 (2003) (holding where defendant entered a guilty plea, this

Court is “without authority to review either by right or by certiorari the trial court’s

denial of defendant’s motion to dismiss the habitual felon indictment or defendant’s

assertion the judgment violates his constitutional rights”); State v. Dickson, 151 N.C.

App. 136, 138, 564 S.E.2d 640, 641 (2002) (“this Court is without authority to issue a

writ of certiorari” where the defendant had no statutory right to appeal from his

guilty plea, and “had not failed to take timely action, is not attempting to appeal from

an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-

1422(c)(3)”); accord State v. Ledbetter, __ N.C. App. __, __, __ S.E.2d __, __, No.

COA15-414, 2015 WL 7003394, at *5-6 (N.C. Ct. App. Nov. 3, 2015), State v. Miller,

__ N.C. App. __, __, 777 S.E.2d 337, 341 (2015); State v. Sale, __ N.C. App. __, ___,

754 S.E.2d 474, 477-78 (2014); State v. Mungo, 213 N.C. App. 400, 404, 713 S.E.2d

542, 545 (2011); State v. Smith, 193 N.C. App. 739, 742, 668 S.E.2d 612, 614 (2008);

 -8-
 STATE V. BIDDIX

 Opinion of the Court

State v. Hadden, 175 N.C. App. 492, 497, 624 S.E.2d 417, 420, cert. denied, 360 N.C.

486, 631 S.E.2d 141 (2006).

 Defendant cites cases in which prior panels of this Court issued a writ of

certiorari to review issues pertaining to entry of the defendant’s guilty plea, even

though the defendant had no statutory right to appeal under N.C. Gen. Stat. § 15A-

1444(a). See, e.g., State v. Rhodes, 163 N.C. App. 191, 592 S.E.2d 731 (2004) (holding

this Court could issue the writ of certiorari to review the defendant’s challenge to the

trial court’s procedures employed in accepting his guilty plea); State v. Demaio, 216

N.C. App. 558, 563-64, 716 S.E.2d 863, 866-67 (2011) (holding this Court could issue

the writ of certiorari to review the defendant’s argument that his plea was not the

product of informed choice); see also State v. Blount, 209 N.C. App. 340, 345, 703

S.E.2d 921, 925 (2011); State v. Keller, 198 N.C. App. 639, 641, 680 S.E.2d 212, 213

(2009); State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006); State v.

Carter, 167 N.C. App. 582, 585, 605 S.E.2d 676, 678 (2004); State v. O’Neal, 116 N.C.

App. 390, 394-95, 448 S.E.2d 306, 310, disc. review denied, 338 N.C. 522, 452 S.E.2d

821 (1994).

 In State v. Bolinger, the defendant contended the trial judge violated N.C. Gen.

Stat. § 15A-1022 by accepting his guilty plea. 320 N.C. 596, 601, 359 S.E.2d 459, 462

(1987). Our Supreme Court held that “defendant is not entitled as a matter of right

to appellate review of his contention that the trial court improperly accepted his

 -9-
 STATE V. BIDDIX

 Opinion of the Court

guilty plea.” Id. at 601, 359 S.E.2d at 462. The Court further held that “[d]efendant

may obtain appellate review of this issue only upon grant of a writ of certiorari.” Id.

Defendant Bolinger failed to petition the Court for a writ of certiorari, and the Court

sua sponte elected to review the merits of the defendant’s argument. Id. at 601-02,

359 S.E.2d at 462.

 The Court in Bolinger does not cite nor address the three grounds set forth to

issue the writ of certiorari under Appellate Rule 21. The Court stated: “Neither party

to this appeal appears to have recognized the limited bases for appellate review of

judgments entered upon pleas of guilty. For this reason we nevertheless choose to

review the merits of defendant’s contention.” Id.

 In cases which precede Bolinger, our Supreme Court has specifically stated

where an apparent conflict exists between the General Statutes and the Appellate

Rules, the Appellate Rules control. State v. Bennett, 308 N.C. 530, 535, 302 S.E.2d

786, 790 (1983); State v. Elam, 302 N.C. 157, 160-61, 273 S.E.2d 661, 664 (1981).

 In State v. Ahearn, the defendant pled guilty to voluntary manslaughter and

felonious child abuse. 307 N.C. 584, 601, 300 S.E.2d 689, 699 (1983). He argued the

trial court erred in its determination of aggravating factors, and by accepting his

guilty plea without a proper factual basis. Id. at 586, 300 S.E.2d at 689. With regard

to the court’s acceptance of Ahearn’s guilty plea, and unlike here, without defendant

filing a petition for writ of certiorari, the Supreme Court cited N.C. Gen. Stat. § 15A-

 - 10 -
 STATE V. BIDDIX

 Opinion of the Court

1444(e), and stated, “if we are to consider this assignment of error, we must treat it

as a petition for writ of certiorari, which we do.” Id. at 605, 300 S.E.2d at 702.

 In neither Ahearn nor Bolinger, does the opinion cite, address, or analyze the

requirements of Appellate Rule 21. In cases where this Court issued the writ of

certiorari to review issues surrounding guilty pleas under N.C. Gen. Stat. § 15A-

1444(e), this Court also did not cite nor analyze the three grounds set forth in

Appellate Rule 21 to issue the writ, or determine whether the facts or petition applied

to the stated grounds. Other panels of this Court allowed certiorari by citing Bolinger

and reached the merits of the defendants’ arguments pursuant to N.C. Gen. Stat §

15A-1444(e) for grounds not set forth in N.C. Gen. Stat. § 15A-1444(a) or Appellate

Rule 21 without expressly suspending the Appellate Rules. See e.g., Demaio, 216 N.C.

App. at 563-64, 716 S.E.2d at 866-67.

 C. Appellate Rule 2

 Although the aforementioned cases do not cite nor discuss Appellate Rule 2,

Rule 2 allows the appellate courts to suspend the requirements of the appellate rules,

including Rule 21, to review an issue “[t]o prevent manifest injustice to a party.” N.C.

R. App. P. Rule 2.

 Appellate Rule 2 provides:

 To prevent manifest injustice to a party, or to expedite
 decision in the public interest, either court of the appellate
 division may, except as otherwise expressly provided by
 these rules, suspend or vary the requirements or provisions

 - 11 -
 STATE V. BIDDIX

 Opinion of the Court

 of any of these rules in a case pending before it upon
 application of a party or upon its own initiative, and may
 order proceedings in accordance with its directions.

Id.

 The appellate rules “shall not be construed to extend or limit the jurisdiction

of the courts of the appellate division as that is established by law.” N.C. R. App. P.

Rule 1(c); see also Bailey v. North Carolina, 353 N.C. 142, 157, 540 S.E.2d 313, 323

(2000) (citations omitted) (noting “suspension of the appellate rules under Rule 2 is

not permitted for jurisdictional concerns”). Under Appellate Rule 2, this Court has

“discretion to suspend the appellate rules either ‘upon application of a party’ or ‘upon

its own initiative.’” Bailey, 353 N.C. at 157, 540 S.E.2d at 323.

 Appellate Rule 2 “relates to the residual power of our appellate courts to

consider, in exceptional circumstances, significant issues of importance in the public

interest, or to prevent injustice which appears manifest to the Court and only in such

instances.” Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999).

This Court’s discretionary exercise to invoke Appellate Rule 2 is “intended to be

limited to occasions in which a ‘fundamental purpose’ of the appellate rules is at

stake, which will necessarily be ‘rare occasions.’” State v. Hart, 361 N.C. 309, 316, 644

S.E.2d 201, 205 (2007) (citations omitted).

 On the record before us, Defendant has not demonstrated, and we do not find,

the “exceptional circumstances” necessary to exercise our discretion to invoke

 - 12 -
 STATE V. BIDDIX

 Opinion of the Court

Appellate Rule 2 to suspend the requirements of Rule 21 to issue the writ to reach

the merits of Defendant’s argument by certiorari. Steingress, 350 N.C. at 66, 511

S.E.2d at 299-300.

 This Court has previously recognized the Court may implement Appellate Rule

2 to suspend Rule 21 and grant certiorari, where the three grounds listed in Appellate

Rule 21 to issue the writ do not apply. In State v. Starkey, 177 N.C. App. 264, 268,

628 S.E.2d 424, 426 (2006), the State appealed from an order granting the trial court’s

own motion for appropriate relief. The Court cited Pimental and Appellate Rule 21,

and stated the Court is procedurally limited to granting the writ of certiorari to the

three circumstances set forth in the Rule, unless the Rule is suspended. Id. at 268,

628 S.E.2d at 426. The Court further stated:

 The State recognizes that its petition does not satisfy any
 of the conditions of Rule 21 and asks this Court to invoke
 Rule 2 of the North Carolina Rules of Appellate Procedure
 and review the trial court’s order. See N.C. R. App. P. 2
 (granting this Court the authority to suspend the rules of
 appellate procedure to prevent manifest injustice to a
 party). We decline the State’s request to invoke Rule 2 and
 deny the State’s Petition for Writ of Certiorari.

Id.

 Using Rule 2 to suspend the requirements of Rule 21 provides the appellate

courts with a procedure to “prevent manifest injustice to a party.” N.C. R. App. P. 2.

This procedure also allows what may be disparate and apparently conflicting

decisions of this Court to be harmonized.

 - 13 -
 STATE V. BIDDIX

 Opinion of the Court

 D. State v. Stubbs

 The concurring and dissenting opinion asserts the Supreme Court “held that

this Court had jurisdiction to grant a petition for writ of certiorari even though it did

not fall within the scope of Rule 21” in State v. Stubbs, 368 N.C. 40, 770 S.E.2d 74

(2015). The Stubbs case is factually and legally distinguishable from the facts and

issues before us.

 While we agree this Court retains jurisdiction, the issues before the Court in

Stubbs do not pertain to the entry of a guilty plea. The opinion does not analyze

whether the defendant had a right to appellate review following a guilty plea, or

whether the defendant could seek review by certiorari under either N.C. Gen. Stat. §

15A-1444(e) or Appellate Rule 21.

 In Stubbs, the defendant had filed a motion for appropriate relief, and argued

his life sentence constituted cruel and unusual punishment under the Eighth

Amendment. The trial court granted the defendant’s motion for appropriate relief,

vacated the defendant’s sentence, and resentenced him to a term of thirty years with

credit for time served. Id. at 41, 770 S.E.2d at 75.

 The State sought appellate review of the trial court’s order and filed a petition

for writ of certiorari in this Court. Id. The State’s appeal before this Court resulted

in the issuance of a lead opinion, a concurring opinion, and a dissenting opinion. State

v. Stubbs, __ N.C. App. __, 754 S.E.2d 174 (2014), aff’d, 368 N.C. 40, 770 S.E.2d 74

 - 14 -
 STATE V. BIDDIX

 Opinion of the Court

(2015). The lead opinion determined it was proper to consider the State’s appeal by

certiorari “because one panel of this Court has previously decided the jurisdictional

issue by granting the State’s petition for a writ of certiorari to hear the appeal, we

cannot overrule that decision.” Id. at __, 754 S.E.2d at 177 n.2. According to the

concurring opinion, this Court’s subject matter jurisdiction to issue writs of certiorari

is not limited to the circumstances set forth in Rule 21. Id. at __, 754 S.E.2d at 183.

The dissenting opinion held this Court was without jurisdiction to hear the State’s

arguments by direct appeal or by certiorari where the defendant did not have a

statutory right of appeal and none of the three grounds set forth in Appellate Rule 21

applied. Id. at __, 754 S.E.2d at 187.

 The issue before the Supreme Court was whether this Court had subject

matter jurisdiction to issue the writ of certiorari to review the State’s appeal from the

trial court’s order granting the defendant’s motion for appropriate relief. Stubbs, 368

N.C. at 41, 770 S.E.2d at 75.

 The General Assembly set forth the circumstances in which an appeal from the

trial court’s ruling on a motion for appropriate relief may be taken in N.C. Gen. Stat.

§ 15A-1422(c):

 (c) The court’s ruling on a motion for appropriate relief
 pursuant to G.S. 15A-1415 is subject to review:

 (1) If the time for appeal from the conviction has not
 expired, by appeal.

 - 15 -
 STATE V. BIDDIX

 Opinion of the Court

 (2) If an appeal is pending when the ruling is entered, in
 that appeal.

 (3) If the time for appeal has expired and no appeal is
 pending, by writ of certiorari.

(emphasis supplied). In Stubbs, the State’s appeal fell under subsection (c)(3). The

Court stated the jurisdiction accorded by this statute “does not distinguish between

an MAR when the State prevails below and an MAR under which the defendant

prevails.” Id. at 43, 770 S.E.2d at 76. The Supreme Court held the appellate courts

“ha[ve] jurisdiction to hear an appeal by the State of an MAR when the defendant

has won relief from the trial court.” Id.

 After the Court determined the General Assembly had granted appellate

courts jurisdiction to hear the State’s appeal, the Court next addressed whether the

State’s appeal was permitted by the Rules of Appellate Procedure. Appellate Rule 21

formerly allowed the grant of certiorari “for review pursuant to N.C.G.S. § 14A-

1422(c)(3) of an order of the trial court denying a motion for appropriate relief.” N.C.

R. App. P. 21 (2013). The defendant in Stubbs argued that under the language of the

Rule, the State could not appeal from an order granting a motion for appropriate

relief. Id.

 The Supreme Court disagreed and stated:

 As stated plainly in Rule 1 of the Rules of Appellate
 Procedure, “[t]hese rules shall not be construed to extend
 or limit the jurisdiction of the courts of the appellate
 division as that is established by law.” [N.C. R. App. P.

 - 16 -
 STATE V. BIDDIX

 Opinion of the Court

 1(c)]. Therefore, while Rule 21 might appear at first glance
 to limit the jurisdiction of the Court of Appeals, the Rules
 cannot take away jurisdiction given to that court by the
 General Assembly in accordance with the North Carolina
 Constitution.

Id. at 44, 770 S.E.2d at 76.

 This case is distinguishable from Stubbs because issuance of a writ of certiorari

under N.C. Gen. Stat. § 15A-1422(c) is specifically stated in Rule 21, and Rule 21

specifically allows for the writ of certiorari to issue to review rulings on motions for

appropriate relief. On its face, prior to the amendment to Appellate Rule 21 and prior

to when Stubbs was filed, Rule 21 limited the issuance of certiorari to those orders

denying the motion for appropriate relief. The statute conferred jurisdiction on this

Court to review rulings on motions for appropriate relief, and the language of the

Rule listed procedures under which we exercise the statutory jurisdiction.

 The Supreme Court amended Rule 21 to permit review of all rulings on motions

for appropriate relief in accordance with the language of N.C. Gen. Stat. § 15A-

1422(c)(3). N.C. R. App. P. 21 (2015). The Rule 21 amendment was effective and

binding the day the Stubbs opinion was filed.

 The General Assembly has enacted:

 The Court of Appeals has jurisdiction, exercisable by one
 judge or by such number of judges as the Supreme Court
 may by rule provide, to issue the prerogative writs,
 including mandamus, prohibition, certiorari, and
 supersedeas, in aid of its own jurisdiction, or to supervise
 and control the proceedings of any of the trial courts of the

 - 17 -
 STATE V. BIDDIX

 Opinion of the Court

 General Court of Justice, and of the Utilities Commission
 and the Industrial Commission. The practice and
 procedure shall be as provided by statute or rule of the
 Supreme Court, or, in the absence of statute or rule,
 according to the practice and procedure of the common law.

N.C. Gen. Stat. § 7A-32(c) (2013) (emphasis supplied).

 While statutes, such as N.C. Gen. Stat. § 1444(e), confer the jurisdiction upon

this Court to hear appeals and grant the prerogative writs, the Supreme Court,

through the Appellate Rules, has set forth the “practice and procedure” under which

that jurisdiction may be exercised. Id.

 For instance, while this Court retains and exercises jurisdiction to hear

appeals from the trial courts as conferred by the General Statutes, the appeal will

not be heard without the appellant’s compliance with the “practice and procedure” set

forth in Appellate Rule 9 for filing a sufficient record on appeal. N.C. R. App. P. 9.

 Appellate Rule 21 does not address guilty pleas or N.C. Gen. Stat. § 15A-

1444(e). It does not provide a procedural avenue for a party to seek appellate review

by certiorari of an issue pertaining to the entry of a guilty plea. On 10 April 2015,

and effective that date, the Supreme Court amended Rule 21. The language of the

Rule was changed to allow certiorari to issue “for review pursuant to N.C.G.S. § 15A-

1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.” N.C.

Rule App. P. 21 (2015). The Supreme Court did not amend Appellate Rule 21 to allow

a petition and issue the writ of certiorari to review orders entered on guilty pleas, or

 - 18 -
 STATE V. BIDDIX

 Opinion of the Court

to otherwise permit the issuance of the writ of certiorari. The amendment to Rule 21

was in effect when the Stubbs opinion was filed. Id. Such amendment would have

been wholly unnecessary under the dissenting opinion’s analysis.

 IV. Conclusion

 Defendant does not raise any of the grounds as are set forth in N.C. Gen. Stat.

§ 15A-1444(a2). He does not have a statutory right to appeal from the judgment

entered upon his guilty plea.

 The provisions of Appellate Rule 21, which provide the appropriate “practice[s]

and procedure[s]” for this Court to issue a writ of certiorari, guide our processes to

exercise our jurisdiction as provided by § 15A-1444(e). Bennett, 308 N.C. at 535, 302

S.E.2d at 790; Elam, 302 N.C. at 160-61, 273 S.E.2d at 664; Ledbetter, __ N.C. App.

at __, __ S.E.2d at __ , 2015 WL 7003394 at *5-6; Sale, __ N.C. App. at __, 754 S.E.2d

at 477-78.

 The issue Defendant has raised is not stated as a basis for the issuance of the

writ of certiorari under Appellate Rule 21. Defendant received a sentence entirely

consistent with his guilty plea, acknowledgement of an aggravating factor, and

understanding the sentence actually imposed rested within the discretion of the trial

court. Defendant did not seek to withdraw his plea or seek a continuance allowed by

statute. See N.C. Gen. Stat. § 15A-1023 (2013).

 - 19 -
 STATE V. BIDDIX

 Opinion of the Court

 Even though we retain jurisdiction by statute, in the exercise of our discretion,

we decline to invoke Appellate Rule 2 to suspend the procedural requirements under

Rule 21 of the Appellate Rules to grant the writ of certiorari to review defendant’s

argument. Defendant’s petition for writ of certiorari is denied and his appeal is

dismissed.

 DENIED and DISMISSED.

 Judge BRYANT concurs.

 Judge GEER concurs in part and dissents in part in separate opinion.

 - 20 -
 No. COA15-161 – State v. Biddix

 GEER, Judge, concurring in part and dissenting in part.

 I agree with the majority opinion that defendant has no right to appeal, but I

do not agree with the majority’s conclusion that Rule 21(a)(1) of the Rules of Appellate

Procedure limits this Court’s ability to grant defendant’s petition for writ of certiorari.

Although the majority opinion purports to distinguish and limit the Supreme Court’s

recent decision in State v. Stubbs, 368 N.C. 40, 770 S.E.2d 74 (2015), the majority

opinion’s analysis and holding is squarely inconsistent with that opinion. Because I

would grant the petition for writ of certiorari and review the merits of defendant’s

arguments, I must respectfully dissent.

 The majority opinion acknowledges that defendant filed a petition for writ of

certiorari based on N.C. Gen. Stat. § 15A-1444(e) (2013). The majority then asserts:

“Although N.C. Gen. Stat. § 15A-1444(e) states a defendant who enters a guilty plea

may seek appellate review by certiorari, Appellate Rule 21(a)(1) is entitled

‘Certiorari,’ and provides the procedural basis to grant petitions for writ of certiorari

under the following situations: (1) ‘when the right to prosecute an appeal has been

lost by failure to take timely action;’ (2) ‘when no right of appeal from an interlocutory

order exists;’ or (3) to ‘review pursuant to [N.C. Gen. Stat.] § 15A-1422(c)(3) of an

order of the trial court ruling on a motion for appropriate relief.’ ” The majority then

concludes that because defendant’s petition for writ of certiorari under N.C. Gen.

Stat. § 15A-1444(e) does not invoke any of the three grounds set out in Rule 21(a)(1),
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

this Court may not review the petition for writ of certiorari without suspending the

Rules of Appellate Procedure pursuant to Rule 2.

 However, the Supreme Court in Stubbs expressly held that this Court had

jurisdiction to grant a petition for writ of certiorari even though it did not fall within

the scope of Rule 21(a)(1). The Supreme Court, in a unanimous opinion, identified

the issue before it in Stubbs as follows: “In this case we are tasked with determining

if the Court of Appeals has subject matter jurisdiction to review the State’s appeal

from a trial court’s ruling on a motion for appropriate relief (‘MAR’) when the

defendant has been granted relief in the trial court.” Stubbs, 368 N.C. at 41, 770

S.E.2d at 75. The Court concluded: “We hold that it does.” Id.

 In reaching this holding, the Supreme Court first emphasized: “The

jurisdiction of the Court of Appeals is established in the North Carolina Constitution:

‘The Court of Appeals shall have such appellate jurisdiction as the General Assembly

may prescribe.’ N.C. Const. art. IV, § 12(2). Following such direction, the General

Assembly has stated that the Court of Appeals ‘has jurisdiction . . . to issue the

prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in

aid of its own jurisdiction, or to supervise and control the proceedings of any of the

trial courts of the General Court of Justice.’ N.C.G.S. § 7A-32(c) (2014).” Id. at 42,

770 S.E.2d at 75-76. The Court pointed out further that the General Assembly

expressly provided in N.C. Gen. Stat. § 15A-1422(c)(3) (2013) that a trial court’s

 -2-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

ruling on an MAR is subject to review by writ of certiorari. Stubbs, 368 N.C. at 43,

770 S.E.2d at 76.

 Based on the Constitution and the statutory provisions, the Court then

concluded that this Court had jurisdiction to review the granting of an MAR pursuant

to a writ of certiorari:

 Notably, subsection 15A-1422(c) does not distinguish
 between an MAR when the State prevails below and an
 MAR under which the defendant prevails. Accordingly,
 given that our state constitution authorizes the General
 Assembly to define the jurisdiction of the Court of Appeals,
 and given that the General Assembly has given that court
 broad powers “to supervise and control the proceedings of
 any of the trial courts of the General Court of Justice,” id.
 § 7A-32(c), and given that the General Assembly has placed
 no limiting language in subsection 15A-1422(c) regarding
 which party may appeal a ruling on an MAR, we hold that
 the Court of Appeals has jurisdiction to hear an appeal by
 the State of an MAR when the defendant has won relief
 from the trial court.

Id.

 The Court then specifically addressed the impact of Rule 21: “As noted by the

parties and the Court of Appeals, the Rules of Appellate Procedure are also in play

here.” 368 N.C. at 43, 770 S.E.2d at 76. Rule 21(a)(1), at that time, only authorized

review under N.C. Gen. Stat. § 15A-1422(c)(3) “of an order of the trial court denying

a motion for appropriate relief.” The defendant argued, based on Rule 21, that the

Court of Appeals did not have jurisdiction to review, pursuant to a petition for writ

of certiorari, an order granting an MAR.

 -3-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

 The Supreme Court disagreed in language that cannot be reconciled with the

majority opinion in this case. The Court first pointed out: “As stated plainly in Rule

1 of the Rules of Appellate Procedure, ‘[t]hese rules shall not be construed to extend

or limit the jurisdiction of the courts of the appellate division as that is established

by law.’ Id. at R. 1(c).” Stubbs, 368 N.C. at 43-44, 770 S.E.2d at 76 (emphasis added).

The Court then held: “Therefore, while Rule 21 might appear at first glance to limit

the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given

to that court by the General Assembly in accordance with the North Carolina

Constitution.” Id. at 44, 770 S.E.2d at 76.

 In short, the Supreme Court held that while Rule 21 appears “to limit the

jurisdiction of the Court of Appeals,” Rule 21 cannot take away jurisdiction given to

the Court of Appeals by the General Assembly. Id. In other words, if a statute grants

the Court of Appeals authority to review an order pursuant to a writ of certiorari,

then Rule 21 cannot limit that authority.

 The majority opinion, however, points to N.C. Gen. Stat. § 7A-32(c) (2013),

which grants the Court of Appeals jurisdiction to issue writs of certiorari, but further

provides: “The practice and procedure shall be as provided by statute or rule of the

Supreme Court, or, in the absence of statute or rule, according to the practice and

procedure of the common law.” The majority opinion then holds that Rule 21 may, as

a matter of practice and procedure, limit the ability of the Court of Appeals to grant

 -4-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

a petition for writ of certiorari to the three instances set out in Rule 21(a)(1). A

review, however, of Rule 21 shows that the “practice and procedure” for petitions for

writ of certiorari is set forth in Rule 21(b)-(f), setting out the requirements for filing,

service, and content of petitions and responses.

 The majority’s reasoning regarding Rule 21(a)(1) is euphemistic. The majority

opinion’s holding limits the authority of this Court to grant a petition for writ of

certiorari even in circumstances that the legislature, as authorized by the

Constitution, has expressly granted this Court authority. This holding cannot be

reconciled with Stubbs. Indeed, if the majority opinion’s analysis were correct and

Rule 21(a)(1) could, as a matter of practice and procedure, limit this Court’s ability to

grant a petition for writ of certiorari, then the Supreme Court would have held in

Stubbs that the Court of Appeals did not have the authority to review the State’s

petition, because at the time the State filed its petition in the Court of Appeals, Rule

21 did not provide for granting a State’s petition from an order granting an MAR.

 While the majority opinion makes much of the fact that the Supreme Court

amended Rule 21 effective on the date of the Supreme Court opinion, the majority

overlooks the fact that the amendment was not made retroactive. Consequently, the

relevant version of Rule 21 for purposes of understanding Stubbs’ holding is the

version in effect when the State filed its petition in the Court of Appeals -- a version

that, under the majority opinion’s holding, precluded the Court of Appeals from

 -5-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

granting the State’s petition. Yet, the Supreme Court in Stubbs held that the Court

of Appeals had authority to grant the petition.

 The majority, however, argues further that the amendment of Rule 21 “would

have been wholly unnecessary under the dissenting opinion’s analysis.” To the

contrary, Stubbs addressed only the jurisdiction of the Court of Appeals, which, under

the State Constitution, is to be established by the General Assembly. The

amendment to Rule 21 is still relevant to the Supreme Court. In order for the

Supreme Court to have the ability to review petitions for writ of certiorari filed by the

State seeking review of an order granting an MAR, the Supreme Court was required

to amend Rule 21.

 In support of its holding, the majority opinion relies upon opinions of this Court

asserting: “In considering [A]ppellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this

Court reasoned that since the appellate rules prevail over conflicting statutes, we are

without authority to issue a writ of certiorari except as provided in Rule 21.” State v.

Jones, 161 N.C. App. 60, 63, 588 S.E.2d 5, 8 (2003), rev’d in part on other grounds,

358 N.C. 473, 598 S.E.2d 125 (2004). The Supreme Court in Stubbs, however,

establishes precisely the opposite rule. Because the State Constitution grants the

General Assembly authority to decide the jurisdiction of the Court of Appeals,

statutes granting authority to this Court prevail over Rule 21 when the rule conflicts

 -6-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

with the statute. The decisions of this Court that are inconsistent with Stubbs can

no longer be controlling authority and cannot support the majority opinion’s holding.

 The majority opinion also cites the Supreme Court decisions in State v. Bennett,

308 N.C. 530, 302 S.E.2d 786 (1983), and State v. Elam, 302 N.C. 157, 273 S.E.2d 661

(1981), for the proposition that “our Supreme Court has specifically stated where

there is a conflict between the General Statutes and the Appellate Rules, the

Appellate Rules control.” Neither of those decisions addressed Rule 21 or this Court’s

jurisdiction to grant a petition for writ of certiorari. Instead, they each addressed the

circumstances under which an issue has been preserved for appellate review.

Bennett, 308 N.C. at 535, 302 S.E.2d at 790; Elam, 302 N.C. at 160-61, 273 S.E.2d at

664. Consequently, neither opinion supports the majority opinion given the more

recent holding specifically addressing the Court of Appeals’ jurisdiction in Stubbs.

 I note in passing that even in the absence of Stubbs, I believe that the majority

opinion violates In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989)

(“Where a panel of the Court of Appeals has decided the same issue, albeit in a

different case, a subsequent panel of the same court is bound by that precedent,

unless it has been overturned by a higher court.”). The majority dismisses this

Court’s decisions in State v. Rhodes, 163 N.C. App. 191, 592 S.E.2d 731 (2004), and

State v. Demaio, 216 N.C. App. 558, 716 S.E.2d 863 (2011), even though those

decisions applied the Supreme Court’s decision in State v. Bolinger, 320 N.C. 596, 359

 -7-
 STATE V. BIDDIX

 Geer, J., concurring in part and dissenting in part

S.E.2d 459 (1987). The majority is not free to disregard decisions of this Court and

the Supreme Court simply because it disagrees with them.

 In sum, I believe that Stubbs establishes that defendant has a right to seek

review by petition for writ of certiorari pursuant to N.C. Gen. Stat. § 15A-1444(e).

Because, further, I would grant the petition for writ of certiorari and review the

merits of defendant’s arguments, I must respectfully dissent.

 -8-